**In the Interest of T. B. S., a Minor.**

**No. 1352.**

Court of Civil Appeals of Texas, Tyler.

June 12, 1980.

Rehearing Denied July 10, 1980.

Edward V. Dylla, San Antonio, for appellant.

Tinsman & Houser, San Antonio, for appellee.

MOORE, Justice.

This is an appeal from an order overruling a motion for new trial filed pursuant to Rule 329 of the Texas Rules of Civil Procedure,[1] by which movant sought to set aside a default judgment rendered after service by publication in an adoption proceeding.

The litigation commenced when appellee, Kathleen Ann Dickson, the natural mother of the child, and her husband, Jerry Wayne Dickson, the stepfather of the child, filed suit against appellant, Willie Benton Shannon, the natural father of the child, seeking to adopt the child without his consent. Appellees alleged in their petition that the natural father failed to support the child "in accordance with his ability during a period of one year" and that termination of the parent-child relationship between the natural father and the child and adoption of the child by the stepfather would be in the best interest of the child. Process on appellant was procured by publication. After a hearing, at which appellant neither appeared in person nor by an attorney of his own selection, judgment was rendered on October 30, 1978, terminating his parental rights and granting appellees' petition for adoption. Shortly thereafter, appellant learned of the judgment, and on December 6, 1978, filed a motion for new trial pursuant to Rule 329. After a full hearing on the motion, the trial court entered an order denying appellant any relief on his motion,

---

1. All references to rules are to the Texas Rules of Civil Procedure.

from which ruling and order appellant perfected this appeal.

We reverse and remand.

Our statutes provide for the termination of the parent-child relationship under certain circumstances. Section 15.02 of the Texas Family Code provides in part:

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

.    .    .    .    .

(F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; . . .

.    .    .    .    .

. . . and in addition, the court further finds that

(2) termination is in the best interest of the child.

Appellee, Kathleen Ann Dickson, was divorced on September 17, 1976. Mrs. Dickson was appointed managing conservator of the child, and appellant was ordered to pay the sum of $150.00 per month for child support. The record reveals that during the calendar year 1977, appellant made the following payments: 2/16—$75.00; 3/7—$75.00; 3/7—$140.00; 4/6—$150.00; 6/1—$150.00; 7/5—$90.00; 8/4—$210.00; 9/9—$150.00; 10/4—$150.00; and on 11/3—$150.00. The record thus shows that the last payment made by appellant prior to the time appellees filed their suit for termination was made on November 3, 1977.

The record further shows that appellees' suit for termination was filed on September 5, 1978, which was ten months and two days after the last child support payment was made on November 3, 1977. The record also reveals that the judgment terminating appellant's parental rights and granting the adoption was entered on October 30, 1978, some four days less than a year from the time that he made his last support payment. The judgment shows only that appellant "failed to support the child in accordance with his ability during a period of one year." It does not recite that appellant "failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition." Further, the narrative statement of facts filed in compliance with Rule 244 shows that the only evidence heard by the court in this regard was that appellant failed to support the child "during a period of one year." There is no testimony that appellant failed to support the child commensurate with his ability during the one-year period specified by the statute. Moreover, there are no pleadings to support the finding that appellant failed to support the child during the one-year period specified by the statute.

Appellant contends under his second point of error that the trial court erred in refusing to set aside the judgment and grant a new trial, because upon the hearing of the motion it was shown that the judgment terminating his parental rights was premature in that it was entered in less than one year after he had made his last child support payment. He therefore maintains that he established a meritorious defense showing that he was not in violation of section 15.02(1)(F). We have concluded that the contention must be sustained.

Rule 329 provides in part as follows:

In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection;

(a) The court may grant a new trial upon petition of defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. . . .

▮ It is well settled that one who files a motion for new trial, after the rendition of a default judgment against him, must, in addition to excusing his absence or failure to answer, allege in his motion facts constituting a meritorious defense and also support the motion by affidavits or other evidence proving prima facie that he has such

meritorious defense. *Smith v. United Gas Pipe Line Co.*, 149 Tex. 69, 228 S.W.2d 139, 142 (1950); *City of Fort Worth v. Gause*, 101 S.W.2d 221, 222 (Tex.Com.App. 1937, opinion adopted); 4 R. McDonald, Texas Civil Practice sec. 18.23.2 (rev. 1971).

Service of process on appellant was by publication. The judgment recites that although appellant was duly and properly cited, he did not appear and wholly made default. Appellant's lack of knowledge of the suit until after the default judgment had been rendered is undisputed.

■ In the motion for new trial, appellant alleged that he had a good and meritorious defense in that there was no evidence that he failed to support the child during a period of one year, and that he supported the child during the time complained of to the best of his financial ability. By affidavit attached to the motion, appellant states that he was financially unable to make the payments and that although he made a $50.00 payment on November 15, 1978, appellee refused to accept the same and returned it to the Bexar County child support office.

■ In order to terminate the parent-child relationship, appellees had the burden of pleading and proving in the adoption proceedings that appellant failed to support his child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition. The petition was filed on September 5, 1978. The one-year period specified in section 15.02(1)(F) means a continuous period of one year in which the parent failed to support the child in accordance with his ability. *Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex. 1976). One year, of course, means twelve consecutive months.

Thus, in the present case, it was necessary for the appellees to prove that there was a period of twelve consecutive months sometime between March 5, 1977, and September 5, 1978, that appellant failed to provide support in accordance with his ability. The last support payment was made on November 3, 1977. Therefore, in order to establish a cause of action for termination, appellees had the burden of showing that appellant did not support the child in accordance with his ability between November 3, 1977, and November 3, 1978. Obviously, appellees failed to discharge their burden because the judgment terminating appellant's parental rights shows that it was entered on October 30, 1978, some four days short of the one-year period mandated by the statute. Consequently, we conclude that the evidence offered at the hearing on the motion for new trial establishes that appellant had a meritorious defense. The record reveals that the trial court was well aware that the judgment was premature.[2] The statute in question does not authorize the termination of the parent-child relationship upon proof which shows only that the parent failed to comply with the requirements of the statute for a period of three hundred and sixty-one consecutive days. Just as the one year did not mean eight months in *Wiley v. Spratlan*, so also does one year not mean three hundred and sixty-one days in this case.

■ The judgment cannot be upheld solely upon the theory that the trial court concluded that the best interest of the child would be served by terminating the parent-child relationship. The proof must show noncompliance of the support provisions, as well as show that the termination would be in the best interest of the child. Failure to prove either element will prevent termina-

**2.** After the hearing on motion for new trial, the court filed findings of fact and conclusions of law. The court found among other things that appellant's last child support payment was made on November 3, 1977, and appellant failed to pay child support in accordance with his ability for a period of one year ending within six months of the date of the filing of the petition. The court also found that appellant did not have a meritorious defense. The court, however, did not enter a new judgment to correspond with such subsequent determination as authorized by the holding in *Smith v. United Gas Pipe Line Co.*, 149 Tex. 69, 228 S.W.2d 139 (1950). See Comment, *Setting Aside Judgments Against the Absent Defendant*, 37 Texas Law Review 208, 211 (1958). Therefore, the findings are meaningless, and the judgment dated October 30, 1978, remains premature in light of the undisputed evidence.

tion of parental rights. *Holley W. Adams,* 544 S.W.2d 367, 370 (Tex. 1976); quoting *Wiley v. Spratlan,* supra.

In passing on a motion for new trial and the sufficiency of the evidence to support it, courts should exercise liberality in favor of the defaulted party having his day in court. *Hunsinger v. Boyd,* 119 Tex. 182, 26 S.W.2d 905, 907–08 (1930); *McCarthy v. Jesperson,* 527 S.W.2d 825, 827 (Tex.Civ. App.—El Paso 1975, no writ); *Western Union Telegraph Co. v. McGinnie,* 508 S.W.2d 147, 150 (Tex.Civ.App.—San Antonio 1974, no writ). Also it has been held that the natural right that exists between parents and their children is one of constitutional dimensions. *Wiley v. Spratlan,* supra, at 352.

For the reasons stated, we are of the opinion that the trial court abused its discretion in refusing to set aside the judgment and grant a new trial. *Western Union Telegraph Co. v. McGinnie,* supra, at 150–51.

In view of the conclusion we have reached, a discussion of the remaining points briefed by appellant is unnecessary.

The judgment of the trial court is reversed, and the cause is remanded.