William P. STARK, Appellant,

v.

NATIONWIDE FINANCIAL CORP., Appellee.

No. 17810.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 20, 1980.

Gerald E. Hopkins, Houston, for appellant.

Carolyn A. Gronewold, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

WALLACE, Justice.

This is an appeal from a default judgment. Appellant attacks the default judgment alleging that the trial court erred in concluding as it did as a matter of law, or that the findings of the trial court are against the great weight and preponderance of the evidence; the findings being: (1) appellee's pleadings were sufficient to support a default judgment; (2) appellee's claim was liquidated; (3) appellant had no meritorious defense; and (4) setting aside the default judgment would occasion delay or otherwise harm appellee.

Appellant contends that the pleadings were insufficient because they did not state that appellant was a resident of Harris County. The Appellee's petition stated that "Defendant is an individual whose place of business is 400 F. M. 1960, Suite 152, Houston, Harris County, Texas, where service of citation may be had."

Since enactment of Rule 101, T.R. C.P., citation is directed to the individual rather than to a particular county, so the failure to allege residency in a particular county is not a fatal defect.

Additionally, "mere formalities, minor defects and technical insufficiencies will not invalidate a default judgment when the petition states a cause of action and gives fair notice to the opposing party of the relief sought." *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex.1979). Appellant's petition met this test and was sufficient to support the default judgment.

Rule 241 provides that a claim is liquidated if the amount of damages can be accurately calculated by the court, or under its direction, from the allegations contained in plaintiff's petition and instruments in writing. *Freeman v. Leasing Associates, Inc.*, 503 S.W.2d 406, 408 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). Appellee's petition stated the date of the contract, the original amount financed, the number and amount of the monthly installments, the day payments were commenced and the day each was due, and the date payments ceased. Exhibit A to appellee's petition stated the interest rate charged. The petition also stated the amount for which the collateral was sold, the cost of the sale, and the remaining balance due. The pleadings and attached exhibits contained all facts necessary to constitute a liquidated claim.

Appellant alleges a meritorious defense based on a breach of warranty by a third party. No facts constituting such breach of warranty were pleaded, and no affidavits whatever in support of such pleadings were filed. In a motion for new

trial where a motion for default judgment has been granted, one must plead facts constituting a meritorious defense and also must support the motion by affidavits or other evidence proving prima facie that defense. *Smith v. United Gas Pipe Line Co.*, 149 Tex. 69, 228 S.W.2d 139, 142 (1950), *Interest of T.B.S., a minor*, 601 S.W.2d 539 (Tex.Civ.App.—Tyler 1980, no writ).

In his motion to set aside the default judgment the appellant pleaded inadvertence on his part and no negligence or no intent to disregard. Again, no facts were pleaded to sustain those conclusions. A party who has been served with citation and did not answer timely must thoroughly demonstrate that he was free of negligence or conscious indifference. *T. K. Harris v. Lebow*, 363 S.W.2d 184 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.).

Since the above findings are sufficient to sustain the action of the trial court in refusing to set aside the default judgment, we do not find it necessary to discuss the other points raised by appellant.

The judgment of the trial court is affirmed.