**Berta Maria Stuart KOPECINSKI,
Appellant,**

v.

**James Michael KOPECINSKI, Appellee.**

No. 2383.

Court of Appeals of Texas,
Corpus Christi.

Dec. 17, 1981.

Rehearing Denied Jan. 14, 1982.

Ralph Kinard, Pasadena, for appellant.

James C. Brady, Paul R. Stansell, Galveston, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is a divorce case. The appellant, Berta Maria Stuart Kopecinski, filed suit in Harris County on March 3, 1980, seeking a divorce from the appellee, James Michael Kopecinski. On March 11, 1980, the appellee filed a similar suit in Galveston County. The appellant filed a plea in abatement in the Galveston court seeking a dismissal because of the Harris County suit. The Galveston court overruled the plea in abatement, granted the divorce, and divided the property.

The appellant raises three points of error, namely, (1) the trial court erred in overruling the appellant's plea in abatement; (2) the property division is manifestly unjust and unfair, and (3) the judgment, with respect to the property division, is too vague to be enforceable.

■ Before a divorce action can be maintained in this State, either the petitioner or the respondent must have been a domiciliary of this State for the preceding six months, and a resident of the county where the suit is filed for the preceding ninety days. Tex.Fam.Code Ann. § 3.21 (Vernon 1975). This requirement cannot be waived by the parties. *Berry v. Berry*, 612 S.W.2d 213, 216 (Tex.Civ.App.—Beaumont 1980, writ dism'd). If a party to a divorce action wishes to assert the petitioner's failure to meet the residency requirement of § 3.21, the proper mode for doing so is by a plea in abatement. *Harrison v. Harrison*,

543 S.W.2d 176, 177 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

■ The issue before this Court, therefore, is whether the Galveston court was required to abate its proceedings because of the previously filed Harris County suit, even though it was shown that the residency requirement of § 3.21 had not been met in Harris County. The evidence in this case shows that neither the appellant nor the appellee had been a resident of Harris County for the ninety-day period preceding the filing of her divorce petition there. We hold that the Galveston court was *not* required to abate its proceedings.

■ The purpose of § 3.21 is to prevent forum shopping by divorce litigants. *Beavers v. Beavers*, 545 S.W.2d 29, 30 (Tex.Civ. App.—Waco 1976, no writ). We believe that this purpose would be frustrated if a divorce litigant is permitted to file a petition for divorce in a county where the residency requirement is not met and thereafter cause the abatement of a divorce action filed in a county where the residency requirement is met. See *In re Marriage of Allen*, 593 S.W.2d 133, 137 (Tex.Civ.App.—Amarillo 1979, no writ). The appellant's first point of error is overruled.

The appellant's second point of error complains of the property division. The trial court awarded the appellant the parties' pest control business, subject to the debts against it. The appellee was awarded the parties' house, automobile, and all community property not awarded the appellant. Based on the inventory and appraisement filed by the *appellant*, the net value of the property awarded the parties is as follows:

To appellant:

| | |
|---|---|
| Pest Control Business | $25,000.00 |
| 1978 Pickup truck | 3,500.00 |
| | 28,500.00 |
| less liabilities | 4,500.00 |
| Net Value | $24,000.00 |

To appellee:

| | |
|---|---|
| Homestead | $40,000.00 |
| Automobile | 3,525.00 |
| Household furnishings | 1,100.00 |

| | |
|---|---|
| 2 Boats | 350.00 |
| Other Community Property | 1,000.00 |
| | $45,975.00 |
| less liabilities | 18,000.00 |
| Total Value | $27,975.00 |

A trial court's division of property in a divorce case may be reversed on appeal only if it is manifestly unjust. *Aronson v. Aronson*, 590 S.W.2d 189, 190 (Tex.Civ.App. —Dallas 1979, no writ). In this case, the appellant was awarded property with a net value of $24,000.00 and the appellee was awarded property with a net value of $27,-975.00. We hold that this division is not manifestly unjust.

The appellant says that after the divorce decree was rendered, she learned of a lawsuit pending against the pest control company. She contends that the appellee knew of the pending suit and fraudulently concealed it from her. The appellant filed a motion for a new trial based in part on the allegedly newly discovered lawsuit. The trial court held a hearing on the motion and, after hearing evidence from both sides, denied the motion. No point of error is addressed to the trial court's denial of the motion for new trial. Based upon the evidence before him at the time he divided the parties' property, the trial judge divided the property in a fair and just manner. The appellant's second point of error is overruled.

In her last point of error, the appellant contends that the judgment of the trial court is too vague to be enforceable. The portion of the judgment complained of reads as follows:

"It is therefore ORDERED, ADJUDGED and DECREED that the estate of the parties be, and is hereby, divided as follows:

Respondent is awarded the following, subject to any indebtedness thereagainst, which Respondent is to assume, pay-off and discharge, as same becomes due and payable, as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title and interest in and to such property:

1. The business known as Stuart's Pest Control of Galveston Area, including the client cards, 1978 GMC ½ ton pick up truck and all equipment located thereon and therein, used in said business, located in Hitchcock, Texas."

We hold that the judgment is sufficiently clear and specific to be enforceable. The appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.