**Harvey K. SHIREY, Appellant,**

v.

**Susan Childress SHIREY, Appellee.**

**No. 13–86–416–CV.**

Court of Appeals of Texas,
Corpus Christi.

March 17, 1987.

J.R. Keeling, Corpus Christi, for appellant.

Susan Childress Shirey, pro se.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a trial court's refusal to grant a new trial after a default judgment in a divorce action. The decree of divorce appointed conservators of the parties' two children, set child support, and

divided the community property and debts of the parties.

Appellant alleges in his motion for new trial that his failure to appear or answer was induced by the fraud and deception of the appellee, his wife. At the hearing on the motion for new trial, he testified that he and appellee were living together when he was served with citation around the first of December, 1985. Immediately after he was served, he asked his wife about it, and she told him not to worry about answering the citation, because she was "dropping" the divorce. He testified they continued to live together until May 29, 1986, when she called him at work to inform him that he had to get out of the house because the divorce decree had been signed. Several days later the appellant received a certified letter containing the divorce decree and he then retained a lawyer. A motion for new trial was speedily filed, a hearing held, and the new trial was denied. From that denial of his motion for new trial, appellant has perfected this appeal.

A motion for new trial is addressed to a trial court's discretion and the refusal to grant a new trial will not be disturbed on appeal unless an abuse of discretion is shown. *Strackbein v. Prewitt,* 671 S.W.2d 37 (Tex.1984). In order to determine whether a new trial should be granted after a default judgment, the rule of *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939) is applied:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to mistake or accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock,* 133 S.W.2d at 126.

■ The requirement that the defendant "set up" a meritorious defense demands that the defendant allege facts that give rise to the defense and not merely allege generally that he has a meritorious defense. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex. 1966). A meritorious defense has been held to be one that would cause, if true, a different result upon retrial. *Moving Co. v. Whitten,* 717 S.W.2d 117 (Tex.App.— Houston [14th Dist.] 1986, ref'd n.r.e.)

■ In the present case, the motion for new trial alleged generally that the defendant had a meritorious defense. No affidavits accompanied the motion, and at the hearing on the motion for new trial, no evidence was presented that could go to setting up the meritorious defense, or more properly, there was no evidence that, if believed, would cause a result different than the decree originally entered by the trial court.

We are not faced with determining whether the evidence, if believed, would have caused a different result given the broad powers of the trial court in dividing community property, determining conservatorship, and setting child support. Rather, there was no evidence either by affidavit or otherwise, that would suggest a different result would have occurred if a new trial had been granted. *See Mootz v. Mootz* 615 S.W.2d 247 (Tex.Civ.App.—Dallas 1981, writ dism'd); *Brown v. Brown,* 590 S.W.2d 808 (Tex.Civ.App.—Eastland 1979), writ dism'd by agr.); *Compare Edwards v. Edwards,* 651 S.W.2d 940 (Tex.App.—Fort Worth 1983, no writ).

Appellant urges this Court to review the decree of divorce and find that it is inequitable upon its face, inferring that, had he been present, a different decree would have been entered, thus meeting the test of setting up a meritorious defense. We have reviewed the decree and, lacking a factual background to judge it against, are unable to determine that it is inequitable. Appellant's first and second points of error are overruled.

■ By his third point of error, appellant contends that the actions of the trial judge during the hearing on the motion for new trial prevented him from fully developing the evidence required to meet the *Craddock v. Sunshine Bus Lines* test.

We have carefully reviewed the statement of facts from the hearing on the motion for new trial, and although the trial judge cannot be said to have been sympathetic to appellant's plight, we cannot say that he abused his discretion. No evidence that was offered was refused and no bill of exceptions was made. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.