**Frank LIEPELT, Appellant,**

v.

**Winona OLIVEIRA, Appellee.**

No. 13–90–476–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1991.

Rehearing Overruled Oct. 24, 1991.

William W. Keas, Jr., Robert M. Green, Law Offices of William W. Keas, Jr., Corpus Christi, for appellant.

Oscar Spitz, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Frank Liepelt, appeals from a default judgment granted in favor of appellee, Winona Oliveira. Oliveira sued Liepelt for divorce. Although properly served, Liepelt did not file an answer or otherwise appear, and the trial court entered a default judgment. Liepelt timely filed a motion for new trial, which the trial court overruled after a hearing. Liepelt appeals by ten points of error. We affirm.

By his first point, Liepelt complains that the trial court abused its discretion as a matter of law in denying his motion for new trial because he provided legally sufficient, credible and uncontroverted evidence sufficient to support the granting of a new trial and the setting aside of the default judgment. The law is well-settled that certain prerequisites must be met in order to set aside a default judgment and obtain a new trial. *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986). A motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984); *Shirey v. Shirey*, 730 S.W.2d 28, 29 (Tex.App.—Corpus Christi 1987, no writ). While trial courts have some measure of discretion in the matter, as they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388,

133 S.W.2d 124, 126 (Comm'n App.1939, opinion adopted).

The rule applicable to motions for new trial which seek to set aside default judgments entered on the failure of a defendant to file an answer and those entered on the failure to appear for trial is stated in *Craddock:*

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock,* 133 S.W.2d at 126.

■ A meritorious defense is one that, if proved, would cause a different result upon retrial of the case, although it need not be a totally opposite result. *Holliday v. Holliday,* 72 Tex. 581, 10 S.W. 690, 692 (1889); *Jackson v. Mares,* 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied). The Supreme Court further explained the *Craddock* case in *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966). The *Ivy* court stated that the meritorious defense need not be proved, only set up. In explaining this standard, the court said:

> We note again the specific language of *Craddock* that a new trial should be granted to a defaulting defendant if his motion *"sets up* a meritorious defense." This does not mean that the motion should be granted if it merely *alleges* that the defendant "has a meritorious defense." The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.

*Ivy,* 407 S.W.2d at 214; *see also Guaranty Bank v. Thompson,* 632 S.W.2d 338, 339 (Tex.1982); *Jackson,* 802 S.W.2d at 51. Once these requirements are satisfied, allegations of a meritorious defense, if suffi-ciently specific, must be accepted as true despite the presence of disputed facts. *Jackson,* 802 S.W.2d at 51.

■ The only allegations contained in the motion for new trial which refer to a meritorious defense are as follows:

### III.

Petitioner's cause of action is a divorce action, based upon a purported prenuptial agreement. Respondent, Frank H. Liepelt, stands ready to swear, affirm, and testify at trial that the Petitioner breached her portion of the prenuptial agreement by not tendering, after Respondent made demand, the $30,000.00 in cash after demand was made by Respondent for the Petitioner to fulfill her portion of the alleged prenuptial agreement.

Liepelt did not present affidavits or testimony setting forth facts to support these allegations. He did not prove the existence of a prenuptial agreement between himself and his former wife, Winona Oliveira, nor did he prove the breach of a prenuptial agreement. The facts which constitute the alleged meritorious defense must be pleaded in the motion for new trial and established by affidavits or other evidence at the new trial hearing. *Siegler v. Williams,* 658 S.W.2d 236, 239 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Stark v. Nationwide Financial Corp.,* 610 S.W.2d 193, 194–95 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *In re T.B.S.,* 601 S.W.2d 539, 541–42 (Tex.Civ.App.—Tyler 1980, no writ). We hold, therefore, that the trial court did not abuse its discretion in overruling the motion for new trial. Since the motion for new trial failed to set up a meritorious defense, we need not consider whether Liepelt's failure to answer was intentional or the result of a mistake, or whether setting aside of the default judgment would occasion a delay or otherwise work an injury to Oliveira. *Pierson v. McClanahan,* 531 S.W.2d 672 (Tex.Civ. App.—Austin 1975, writ ref'd n.r.e.).

■ By point two, Liepelt complains that the trial court erred in conducting the default hearing and dividing the community

property because he was in Chapter 13 bankruptcy and, therefore, any property in which he held an interest, including community property, was subject to the automatic stay. Even though Liepelt did not present this complaint to the trial court, we will address the point. At the new trial hearing, Liepelt testified that he filed for bankruptcy in 1985 and that he was still in bankruptcy. No evidence showed that a bankruptcy stay was in effect at the time the trial court held the default hearing and divided the community property. We hold, therefore, that the trial court did not err in conducting the default hearing and dividing the community property.

■ By point three, Liepelt complains that the trial court erred in entering a final decree of divorce because Oliveira did not prove her residency, nor did she prove the grounds upon which her divorce suit was based. Before a divorce action can be maintained in this State, either the petitioner or the respondent must have been a domiciliary of this State for the preceding six months and a resident of the county where the suit is filed for the preceding ninety days. *Kopecinski v. Kopecinski,* 627 S.W.2d 472, 473 (Tex.App.—Corpus Christi 1981, writ dism'd); Tex.Fam.Code Ann. § 3.21 (Vernon 1975). The residency requirements of § 3.21 are not jurisdictional, but prescribe qualifications that must be met before the trial court is authorized to grant a divorce. *Aucutt v. Aucutt,* 62 S.W.2d 77, 79 (Tex.Comm'n App.1933, opinion adopted); *McCaskill v. McCaskill,* 761 S.W.2d 470, 472 (Tex.App.—Corpus Christi 1988, writ denied).

The question of residency as a qualification for maintaining a divorce action is a fact issue to be determined by the trial court, and the trial court's findings will not be disturbed on appeal unless there is a clear abuse of discretion. *Schreiner v. Schreiner,* 502 S.W.2d 840, 843 (Tex.Civ. App.—San Antonio 1973, writ dism'd); *Stacy v. Stacy,* 480 S.W.2d 479, 482 (Tex.Civ. App.—Waco 1972, no writ). In the instant case, Oliveira testified that she came to Corpus Christi in 1985 and lives at 4430 Aspen Grove. We conclude that Oliveira's

residency requirements have been satisfied and find no abuse of discretion.

■ Regarding whether the grounds for the divorce had been proven, Oliveira sought a divorce on the grounds that her marriage had become insupportable. At the default hearing, she testified that her marriage had become insupportable because of discord and conflict of personalities that destroyed the legitimate ends of the marital relationship.

Points four through ten do not relate to the alleged meritorious defense stated in the motion for new trial. Therefore, these points are overruled.

The trial court's judgment is AFFIRMED.

## OPINION ON MOTION FOR REHEARING

On Motion for Rehearing, appellant contends that he proved the existence of a prenuptial agreement between himself and his former wife, Winona Oliveira. He also contends that since he was in bankruptcy, a stay was in effect at the time of the default hearing and should have prevented the trial court from dividing the property. Appellant's Motion for New Trial alleged that Oliveira's cause of action was a divorce action, based upon a purported prenuptial agreement. Neither contention has any merit.

Appellant testified at the hearing on the Motion for New Trial that he married Winona Oliveira on September 1, 1984. The property settlement agreement introduced into evidence at the hearing is dated January 4, 1990. Appellant testified that he entered into this agreement with Winona Oliveira on January 4, 1990. Since the parties were married in 1984, this agreement cannot be the prenuptial agreement alleged in the Motion for New Trial.

Appellant's bankruptcy complaint was never presented to the trial court in the Motion for New Trial. It was not preserved for appellate review. Tex.R.App.P. 52(a).

The Motion for Rehearing is OVER-
RULED.