behrend 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-389-CV





C. S. BEHREND D/B/A/ ONE HOUR BAIL BONDS OF COMAL,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW OF COMAL COUNTY 



NO. 93CV-113, HONORABLE FRED CLARK, JUDGE PRESIDING



 





 The appellant, C. S. Behrend d/b/a One Hour Bail Bonds of Comal, appeals from
a default judgment in a bond forfeiture proceeding. Behrend's motion for new trial was overruled
by operation of law. Behrend presents two points of error claiming that the trial court erred in
rendering the default judgment because: (1) Behrend, the proper owner of the bail bond business,
was not properly served; and (2) citation was defective and therefore insufficient to support the
default judgment. We will affirm the default judgment.





BACKGROUND


 On December 1, 1992, Ismael Garcia, the defendant in a criminal case, failed to
appear before the County Court at Law of Comal County. The trial court ordered that his bail
bond be forfeited, and issued a judgment nisi against Garcia as principal and "Johnny
Chamberlain, d/b/a One Hour Bail Bonds of Comal" as surety on the bond. See Tex. Code Crim.
Proc. Ann. arts. 22.01, .02 (West 1989). The clerk of the court sent citation by certified mail to
"Johnny Chamberlain, d/b/a One Hour Bail Bonds of Comal," ordering him to appear and file an
answer to the judgment nisi. 

 On March 11, 1993, Chamberlain failed to appear at the hearing on the judgment
nisi; Behrend, however, claiming to be the true owner of the bail bond company, appeared
through counsel and attempted to file an answer. (1) The State objected to the answer as being
untimely, and the court sustained the objection. On April 6, 1993, the court rendered a final
default judgment against Ismael Garcia, principal, and "J. Chamberlain d/b/a One Hour Bail
Bonds" as surety. 

 On March 25, 1993, Behrend filed a pro se motion for new trial. He filed an
amended motion for new trial through counsel on April 19, 1993 and received a hearing on his
motion the same day. The motion was overruled by operation of law. See Tex. R. Civ. P.
329b(c). Behrend appeals the default judgment.



DISCUSSION


 In two points of error Behrend claims the trial court erred in failing to grant him
a new trial because: (1) the judgment nisi and citation failed to name him as the true owner of
One Hour Bail Bonds of Comal; and (2) service was improper, rendering the default judgment
void. (2) The decision whether to grant a motion for new trial is addressed to the trial court's
discretion and will be disturbed on appeal only if the court abused that discretion. Cliff v.
Huggins, 724 S.W.2d 778, 778 (Tex. 1987). To have a default judgment set aside and receive
a new trial, a defendant must: (1) show that the defendant's failure to answer was not intentional
or due to conscious indifference, but was due to mistake or accident; (2) set up a meritorious
defense; and (3) show that granting a new trial will not work an injury to the plaintiff. Craddock
v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939). 

 Liberally construed, Behrend's motion for new trial asserts that he failed to answer
because the judgment nisi did not properly name him as the owner of the bond company and, as
a result of this mistake, he was not notified of or served with process in the forfeiture proceeding. 
When an unincorporated business acts as the surety on a bail bond, citation in a bond forfeiture
proceeding must name the proper owner of the business. Gilbert v. State, 623 S.W.2d 349, 352
(Tex. Crim. App. 1981). Furthermore, there are no presumptions in favor of valid service in an
attack on a default judgment; absent strict compliance with the rules of civil procedure governing
citation and service, the default judgment will be vacated. See Uvalde Country Club v. Martin
Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985). If Behrend is the owner of the bond
company, he should have been served with citation and notified of the forfeiture proceeding.

 Behrend, however, has failed to present us with a sufficient record to determine
whether he is the owner of the bond company. See Tex. R. App. P. 50(d) (party seeking review
must present sufficient record to show error requiring reversal). The movant for a new trial must
support allegations in the motion with evidence. See Liepelt v. Oliveira, 818 S.W.2d 75, 77 (Tex.
App.--Corpus Christi 1991, no writ). Behrend offered no evidence establishing his ownership of
the bond company. A copy of the bail bond does not appear in the record, nor does the assumed-name certificate of One Hour Bail Bonds of Comal. (3) Behrend also failed to offer affidavits with
his motion for new trial to support his contention. See id. (facts pleaded in the motion for new
trial must be established by affidavits or other evidence). Finally, Behrend failed to testify that
he was the true owner at the hearing on the motion for new trial and failed to object to the trial
court's abrupt termination of the hearing. Absent any affirmative link establishing Behrend as the
owner of the bond company, we cannot say that the trial court abused its discretion in refusing
to grant Behrend's motion for new trial.

 Because Behrend has failed to preserve a record that shows he was entitled to
service of process as the owner of the bond company, he cannot complain about defects in that
service. Accordingly, we overrule both Behrend's points of error.



CONCLUSION


 Because Behrend failed to present a record showing that he was entitled to service
as the proper owner of One Hour Bail Bonds of Comal, we affirm the trial court's default
judgment.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 16, 1994

Do Not Publish

1.   It appears that Chamberlain may not be the owner of One Hour Bail Bonds. 
Behrend apparently wanted to come forward as the true owner of the bail bond company
in order to raise a defense to the forfeiture: that Garcia had been arrested on the bond
forfeiture and was in sheriff's custody. See Tex. Code Crim. Proc. Ann. art. 22.13 (West
1989).
2.   Behrend does not specifically allege that the trial court erred in failing to grant him
a new trial, but we understand this to be the substance of his argument. Even though the
bond company was not a party to the judgment, see National Medical Enterprises v.
Wedman, 676 S.W.2d 712, 714 (Tex. App.--El Paso 1984, no writ) ("d/b/a" designation does
not make the entity a party to the lawsuit or judgment, but merely indicates name under which
defendant is alleged to operate), Behrend attempted to establish that he was the actual surety
by filing a motion for new trial. See Garcia v. Arbor Green Owners Ass'n, 838 S.W.2d 800,
803 n.2 (Tex. App.--Houston [1st Dist.] 1992, writ denied) (if extrinsic evidence is necessary
to challenge default judgment, motion for new trial is an appropriate remedy). Consequently,
we consider Behrend's appeal as assigning error to the trial court's failure to grant this
motion. 
3.   Appellant attached a copy of the assumed name certificate to his brief. Items
attached to briefs or motions but not introduced in the trial court are not considered part
of the record. Carlisle v. Phillip Morris, Inc., 805 S.W.2d 498, 501 (Tex. App.--Austin 1991,
writ denied); see also University of Texas at Austin v. Hinton, 822 S.W.2d 197, 202 (Tex.
App.--Austin 1991, no writ) (holding that missing documents are presumed to sustain trial
court ruling).