**Reverse and Remand; Opinion Filed July 26, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00837-CV

### J&M SALES OF TEXAS, LLC, Appellant
### V.
### ANETTE H. SAMS, Appellee

### On Appeal from the 192nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-14-13851

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Evans
Opinion by Justice Evans

Appellant J&M Sales of Texas, LLC asserts that the trial court (1) abused its discretion in denying J&M Sales's motion for new trial and (2) should set aside the default judgment because Anette Sams did not offer sufficient evidence to support the damages awarded. We reverse and remand the case to the trial court for further proceedings.

## BACKGROUND

On July 21, 2014, Sams was at a retail store operated by J&M Sales when her cart tapped a lower shelf which caused the shelf to fall on her foot.

Sams retained Pedro Lobato and he sent a representation letter to Carl Warren & Company, the third party claims administrator for J&M Sales. This letter was received by Carl Warren on August 29, 2014.

On October 23, 2014, Alvina Garcia, the Risk and Safety Manager for J&M Sales, assigned the Sams claim to Amy O'Quain, a claims specialist for Carl Warren. On October 24, 2014, O'Quain sent an email to Sams's counsel requesting additional information to assist in the claims handling and investigation process. On October 25, 2014, O'Quain received a call from Lobato's office asking about the status of Sams's settlement demand packet. O'Quain advised that no packet had been received and Lobato's office then sent the demand and medical records. O'Quain also requested an opportunity to secure a statement from Sams.

On November 26, 2014, Sams filed a lawsuit asserting a negligence claim against J&M Sales. Sams served the citation and petition on Parasec, Inc., the registered agent for J&M Sales. On December 12, 2014, O'Quain sent another email to Lovato's office requesting dates to obtain Sams's statement. When J&M Sales did not file an answer, Sams moved for a default judgment. On March 27, 2015, the trial court held a hearing and signed a default judgment against J&M Sales in the amount of $45,350.79.

On April 27, 2015, J&M Sales filed a motion for new trial that included the affidavits from O'Quain and Garcia.[1] In the hearing on June 26, 2015, J&M Sales argued that its motion for new trial should be granted because it satisfied all three elements of *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). The trial court denied the motion for new trial and J&M Sales filed this appeal.

---

[1] In addition to the information from the affidavits reviewed below, O'Quain testified she was not informed about and did not know about the lawsuit until she was notified on April 16, 2015 that a default judgment had been signed.

## ANALYSIS

### A.      Motion for New Trial

In its first issue, J&M Sales asserts that the trial court abused its discretion in denying its motion for new trial.   We agree.

#### 1)      Standard of review

The standard of review of the denial of a motion for new trial is abuse of discretion.  *See Dugan v. Compass Bank*, 129 S.W.3d 579, 582 (Tex. App.—Dallas 2003, no pet.).  A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles.  *Id.*

#### 2)      Analysis

To be entitled to a new trial a party must show:  (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; (2) the motion for new trial sets up a meritorious defense; and (3) the motion is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.   *Craddock*, 133 S.W.2d at 126.

##### i)      Mistake or accident in failing to file answer

In order to determine whether the trial court abused its discretion in refusing to set aside the default judgment against J&M Sales, we first consider whether J&M Sales's failure to answer was not intentional or the result of conscious indifference, but due to a mistake or an accident.   Here, J&M Sales submitted Garcia's affidavit in connection with its motion for new trial in which she testified J&M Sales's registered agent forwarded the citation and petition to Randy Swanson, controller for J&M Sales, but "were inadvertently misplaced" and never forwarded to outside counsel.  Garcia also testified that although documents related to Sams's

–3–

claim from Lobato's office or any other source were routed to her for handling, she was unaware of the lawsuit until she received the default judgment on April 16, 2015.

Sams argues that Garcia's conclusory affidavit is insufficient to demonstrate a lack of conscious indifference because Swanson should have provided testimony as to how he misplaced the affidavit. The Supreme Court, however, has addressed and dismissed this very issue:

> We also disagree that to establish that papers were lost there must be an affidavit from the person who lost them describing how it occurred. People often do not know where or how they lost something—that is precisely why it remains "lost." This Court has often set aside default judgments when papers were misplaced, though no one knew precisely how. We agree that a conclusory statement that documents were "lost" must generally be supported by some explanation from the person most likely to have seen them, or of the efforts made to find them. But the *Craddock* standard is one of intentional or conscious indifference—that the defendant knew it was sued but did not care. An excuse need not be a good one to suffice.

*See Fidelity and Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 575–76 (Tex. 2006) (internal citations omitted). Although J&M Sales admits that the petition and citation were misplaced without a detailed explanation as to how they were misplaced, the affidavits of Garcia and O'Quain show neither an intent nor conscious indifference in failing to file an answer. Consciously indifferent conduct occurs when the defendant knew it was sued and did not care. *See Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). Here, however, the affidavits detail efforts to actively negotiate Sams's claim as well as their continued attempts to communicate with Sams's counsel. As Sams did not controvert this proof,[2] the trial court was not at liberty to disregard it. *See Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994) ("If the factual assertions in the defendant's affidavit are not controverted by the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant.");

---

[2] The record does not contain a response to J&M Sales's motion for new trial.

–4–

*Sutherland*, 376 S.W.3d at 755 ("A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff."). Thus, we cannot conclude that J&M Sales acted with conscious indifference when it failed to file an answer and the first element of the *Craddock* standard is satisfied.

### ii) Meritorious defense

To satisfy the second *Craddock* element, J&M Sales was required to set up a meritorious defense. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993). A meritorious defense is "one that, if proved, would cause a different result upon retrial of the case, although it need not be a totally opposite result." *See Liepelt v. Oliveira*, 818 S.W.2d 75, 77 (Tex. App.—Corpus Christi 1991, no writ). A "meritorious defense" also means that the motion must have alleged facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. *Id.* Once these requirements are satisfied, allegations of a meritorious defense, if sufficiently specific, must be accepted as true despite the presence of disputed facts. *Id.*

In its motion for new trial, J&M Sales argued as follows:

> The court should grant J & M Sales a new trial because it has meritorious defenses to the claims asserted by the Plaintiff in the Petition. In the Petition, Ms. Sams contends that she bumped her shopping cart against a lower shelf, allegedly causing the shelf to fall on her foot. Plaintiff's own pleading indicate [sic] that J & M Sales has a viable contributory negligence defense and that a just [sic] should be permitted to assess Ms. Sam's [sic] comparative fault for the alleged injuries and damages she claims in this lawsuit.

In her petition, Sams alleged that she "was pushing a cart down an aisle when her cart tapped against a lower shelf, causing the shelf to fall on Plaintiff's foot." Accordingly, Sams's own petition sets forth the facts necessary for J&M Sales to allege that Sams was arguably wholly or

partially responsible for the accident. See *Ward v. Nava,* 488 S.W.2d 736, 738 (Tex. 1972) (allegation that accident was caused by the plaintiff was sufficient to raise meritorious defense of contributory negligence for purpose of setting aside default judgment). If J&M Sales had the opportunity to prove this argument, then a different result may have been reached. *See Liepelt*, 818 S.W.2d at 77. Accordingly, the second element of the *Craddock* standard is satisfied.

### iii)       No delay or injury to plaintiff

The final *Craddock* element requires that the motion for new trial be filed at a time when the granting of it would not cause a delay or otherwise work an injury to the plaintiff. *See Dir., State Employees Workers' Comp. Div.,* 889 S.W.2d at 270. Essentially, the purpose of this element is to protect the plaintiff against undue delay or injury, such as the loss of witnesses or other valuable evidence, that would disadvantage the plaintiff in presenting the merits of the case at the new trial. *Lowe v. Lowe*, 971 S.W.2d 720, 725 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff. *Dir., State Employees Workers' Comp. Div.,* 889 S.W.2d at 270.

In its motion for new trial and at the hearing, J&M Sales alleged that the court should grant a new trial because a new trial will not delay or prejudice the Plaintiff. Sams did not present any evidence or argue that she would be injured by a new trial. Accordingly, J&M Sales has satisfied the final *Craddock* element. As J&M Sales has satisfied all three *Craddock* elements, we conclude that the trial court abused its discretion in denying the motion for new trial.

### CONCLUSION

As we conclude that the trial court erred in denying J&M Sales's motion for new trial, we need not address its alternative argument that Sams failed to present legally and factually

–6–

sufficient evidence to support the default judgment.  We reverse and remand the case to the trial court for further proceedings.


150837F.P05

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

J&M SALES OF TEXAS, LLC, Appellant

No. 05-15-00837-CV     V.

ANETTE H. SAMS, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-13851.
Opinion delivered by Justice Evans.
Chief Justice Wright and Justice Bridges participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant J&M SALES OF TEXAS, LLC recover its costs of this appeal from appellee ANETTE H. SAMS.

Judgment entered this 26th day of July, 2016.