

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00315-CV

———————————————————

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RMTP TRUST SERIES 2021 COTTAGE-TT-V, Appellant

V.

BUSINESS UNLIMITED 27, LLC, Appellee

---

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-362639-25

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth
Concurring Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

In two issues, Appellant U.S. Bank National Association, as Trustee for RMTP Trust Series 2021 Cottage-TT-V (USB), appeals the trial court's granting of default judgment in favor of Appellee Business Unlimited 27, LLC and denial of its motion for new trial. Despite errors and mistakes committed by the trial judge in the process of granting the default judgment and denying the motion for new trial, because USB did not meet its burden of establishing all three prongs of the *Craddock* test,[1] we must affirm.

## FACTS AND PROCEDURAL HISTORY

Business Unlimited sued USB to quiet title to property that it had acquired at a homeowner's association lien sale. In essence, Business Unlimited sought to extinguish USB's purportedly senior lien on the property that it had purchased. Two days after USB failed to answer, Business Unlimited filed a motion for default judgment, which was granted by the trial court on the same day the motion was filed. USB filed a timely motion for new trial three weeks after the default judgment was signed.

---

[1]*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939) (setting forth a three-prong test for setting aside default judgment: (1) defendant's failure to answer was due to mistake or accident and not intentional or the result of conscious indifference, (2) defendant sets up a meritorious defense, and (3) the granting of a new trial will not result in delay or otherwise prejudice the plaintiff).

In its motion for new trial and at the hearing thereon, USB relied upon the equitable *Craddock* doctrine, claimed that it satisfied the three factors required under *Craddock* to have a default judgment set aside, and argued that it was thus entitled to a new trial. *See Craddock*, 133 S.W.2d at 126. Specifically, USB asserted that its failure to answer was due to an administrative oversight in failing to make a record of the pending lawsuit in its legal tracking system; that it had meritorious defenses[2] to the lawsuit; and that the granting of a new trial would not unduly delay the proceeding or cause prejudice because the "case [was] in its infancy," the default judgment having been taken "merely 29 days after [the lawsuit was filed]," and USB was "willing to reimburse [Business Unlimited] for the costs and expenses incurred in taking the default judgment."

Although initially USB's motion was filed without a supporting affidavit,[3] USB filed an affidavit of Michael Patiuk on the day of the hearing on the motion,[4] and at

---

[2]In its brief, USB lists its three meritorious defenses as "(1) that as a matter of law, Business Unlimited's interest in the Property is subordinate and inferior to [USB]'s priority lien, (2) Business Unlimited's lack of standing to challenge the enforceability of [USB]'s Deed of Trust, and (3) the statute of limitations for [USB] to foreclose on the Property has not expired."

[3]The motion referenced and relied upon the "Affidavit of Michael G. Patiuk" as "Exhibit A" purportedly attached to the motion, but no Exhibit A was attached to the motion when it was filed.

[4]In Business Unlimited's response to USB's motion for new trial, Business Unlimited pointed out the missing affidavit. USB corrected that deficiency four days later by filing the affidavit of Michael G. Patiuk, a Vice President of USB, dated April 30—the same date that USB's original motion for new trial had been filed.

the hearing Business Unlimited stated that it had no complaint as to the timeliness of its filing. And during the hearing counsel for Business Unlimited raised no challenge as to whether Patiuk's affidavit sufficed to establish lack of conscious indifference, the first prong of the *Craddock* test.[5]

## TRIAL COURT ERRORS

Before we begin the analysis, we note that the proceedings below were fraught with judicial errors. For example, the default judgment should never have been signed due to a fatal defect on the face of the record and the absence of an affidavit on which it relied for proof.[6] Furthermore, displaying ignorance of its own local rules,

---

[5]Business Unlimited's only complaint as to Patiuk's affidavit was that it failed to address *Craddock*'s second prong by failing to mention "any defense that the bank would like to set up to the cause of action asserted against it."

[6]As USB points out in its brief, the return of service is missing from the clerk's record. Because there is no presumption of proper service, signing a default judgment without such return of service in the record constitutes error on the face of the record. *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex. 1994); *In re G.K.*, No. 02-25-00420-CV, 2025 WL 3558969, at *5 (Tex. App.—Fort Worth Dec. 11, 2025, no pet.) (mem. op.). But while that error could, and perhaps should, have been a reason for the court to have granted USB's motion for new trial, it does not factor into the *Craddock* analysis on appeal. *Sutherland v. Spencer*, 376 S.W.3d 752, 754–55 (Tex. 2012) (explaining that while lack of proper service constitutes error on the face of the record in the context of restricted appeals, a different analysis—the *Craddock* test—applies on appeal when considering a default judgment that has been attacked by equitable motion for new trial).

Furthermore, for proof to support Business Unlimited's Motion for Default Judgment, it relied upon an "affidavit of Plaintiff attesting to facts sufficient to grant relief." But this affidavit was not attached to the motion. Additionally, since Business Unlimited is an entity, not a natural person, it is unclear who the "[p]laintiff" averring

4

the trial court erroneously admonished USB's counsel for failing to follow a local rule that the attorney, in fact, did follow.[7] But, in the end, because USB failed to establish the second prong of the *Craddock* test, we cannot say that the trial court abused its discretion by denying USB's motion for new trial, and we overrule USB's issues on appeal.[8]

## ANALYSIS

As recently as two months ago, the Texas Supreme Court has reminded us once again of the long-standing legal principle that "[d]efault judgments are 'greatly disfavor[ed]' under Texas law, consistent with the strong policy preference for

---

to the facts in the purported affidavit could have been or the nature of his or her relationship to Business Unlimited.

[7]Early in the hearing, the trial judge chastised USB's out-of-town counsel for failing to follow the Tarrant County Local Rules because its motion for new trial did not include a certificate of conference. When counsel questioned whether a certificate of conference was required on its motion, the trial court responded, "Yes. I recommend to you the Tarrant County [L]ocal [R]ules."

But as noted by USB in its brief, the trial court was mistaken in its understanding of the local rules. Tarrant County Local Rule 3.06(f) expressly *excludes* motions for new trial from Rule 3.06(b)'s requirement that contested motions include a certificate of conference: "Section (b) of this Rule does not pertain to dispositive motions, e.g., Motions for Summary Judgment, Motions to Dismiss and Special Exceptions seeking to dismiss a cause of action, *or a Motion for New Trial.*" Tarrant Cnty. (Tex.) Loc. R. 3.06(b), (f) (emphasis added).

[8]USB raises two issues on appeal—error in granting the default judgment and error in denying the motion for new trial. But because the *Craddock* test must be met to set aside even an erroneous default judgment, we treat these two issues as one and dispose of this appeal based on the failure to establish entitlement to a new trial under *Craddock*.

adjudicating cases on the merits." *Tabakman v. Tabakman*, 728 S.W.3d 703, 707 (Tex. 2025). Indeed, even more recently, in his concurring opinion joined by four other justices, Chief Justice Blacklock observed that "[t]he law's deep skepticism of default judgments is no mere rule of procedure." *Shamrock Enters., LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 700 (Tex. 2026) (Blacklock, C.J., concurring). And when a party relies upon *Craddock* to seek a new trial following a default judgment, a new trial *must* be granted if all three prongs of the *Craddock* test are satisfied. *Tabakman*, 728 S.W.3d at 708. But all three of those elements were not satisfied here.

As to establishing the first prong—mistake, rather than conscious indifference in failing to answer the lawsuit—the misplacement of a citation resulting in no answer being filed will suffice. *Craddock*, 133 S.W.2d at 125–26 (holding that the first prong was satisfied by evidence that, "in some unexplained manner," the citation was mixed with less important mail and not noticed until the day default judgment was taken). Here, Patiuk averred that "due to an administrative oversight," the documents related to the lawsuit were "never uploaded into [USB's] legal tracking system," and, "[c]onsequently, [USB] was unaware that it had been served." And at the hearing on USB's motion for new trial Business Unlimited did not take issue with the sufficiency of Patiuk's affidavit as to *Craddock*'s first requirement that USB's failure to answer was due to a mistake, not a result of conscious indifference.[9]

---

[9]And, to the extent that on appeal Business Unlimited attempts to complain that Patiuk's affidavit was untimely, this is contrary to the position it took at the

6

But as to the second prong of the *Craddock* test, Business Unlimited argues that USB provided "no evidence or testimony" as to the meritorious defenses it raised in its motion for new trial. On appeal, USB argues that because "*Craddock* does not require **proof** of a meritorious defense," Business Unlimited "cannot defeat the motion by [merely] contesting or challenging" the meritorious defenses that have been "set up." And, indeed USB is correct that all that is required to meet the second prong of the *Craddock* test is that it "set[] up" a meritorious defense.[10] *Craddock*, 133 S.W.2d at 126. But while proof is not required "in the accepted sense," the setting up of a meritorious defense requires something more than a mere mention of it. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 927–28 (Tex. 2009) (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)). Some facts supporting the defense—albeit

---

motion for new trial hearing. Because default judgments are "greatly disfavored" due to a "strong policy preference" for merits-based adjudication, *Tabakman*, 728 S.W.3d at 707, we are not persuaded that this is an appropriate circumstance to rely upon "gotcha" arguments. *See Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 742 (Tex. 2024) (describing appellee's actions as choosing "to play a game of procedural 'gotcha' for no apparent purpose other than to obstruct a statutory right and prevent any review on the merits"); *James Constr. Grp., LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 406 (Tex. 2022) (stating that the doctrine of substantial compliance "serves the important purpose of preventing parties from engaging in bad-faith 'gotcha' tactics" to avoid obligations based on a technicality). At the hearing, both counsel and the trial court judge were not only aware of Patiuk's affidavit being on file but also that his affidavit testimony related that a mistake, rather than conscious indifference, had occurred along with his explanation of the specific nature of the mistake that had been made.

[10]A meritorious defense is one that, if proved, would cause a different result on retrial, although not necessarily the opposite result. *Liepelt v. Oliveira*, 818 S.W.2d 75, 77 (Tex. App.—Corpus Christi–Edinburg 1991, no writ).

basic and perhaps even threadbare—must be presented, either by affidavit or through evidence presented at the hearing on the motion for new trial. *Id.* (explaining that to set up a meritorious defense, the defendant must allege facts, supported by affidavits or other evidence, that "would constitute a defense to the plaintiff's cause of action"). Here, even taken altogether, USB's motion, Patiuk's affidavit and counsel's presentation at the hearing on its motion fell short. The motion for new trial listed the defenses with no factual allegations to support them, Patiuk's affidavit was devoid of any facts related to a meritorious defense, and no evidence was presented at the hearing on USB's motion for new trial. And USB's having failed to satisfy the second prong of the *Craddock* test, we cannot say that the trial court abused its discretion by denying its motion for new trial and refusing to set aside the default judgment.[11] As we have explained before, "[W]e will uphold the denial of the motion for new trial if

---

[11]That is not to say that the trial court could not have granted the motion for new trial and set aside the default judgment. It could have. "Even if a defendant does not satisfy the *Craddock* test, a trial court has broad discretion" to grant a new trial on other grounds. *Tabakman*, 728 S.W.3d at 708 n.3 (explaining that "[t]his is so because [default] judgments are disfavored and 'differ from every other kind in a fundamental way'").

But while the trial court *could* have granted the motion for new trial, we cannot find abuse of discretion even if we believe the court *should* have. Long-standing principles dictate that, in applying the abuse of discretion standard, we cannot substitute our judgment in place of the trial court's. Just because we disagree with the decision or would have decided it differently under the same circumstances does not mean that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Rather, the test is "whether the court acted without reference to any guiding rules and principles." *Id.*

8

[the record] supports the denial based on a failure to satisfy any of the three *Craddock* elements." *Century Sports Wears, Inc. v. Wallis Bank*, No. 02-20-00201-CV, 2021 WL 1685957, at \*3 (Tex. App.—Fort Worth April 29, 2021, pet. denied) (mem. op.).

Given our analysis above, we need not consider whether the third prong of the *Craddock* test was met.[12]

Because we hold that USB failed to meet the second prong of the *Craddock* test, we overrule USB's issues on appeal. The trial court's judgment is affirmed.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: April 16, 2026

---

[12]But we do agree with USB that at the time the default judgment was taken, the lawsuit had been on file for less than three months, and USB offered to reimburse Business Unlimited for the attorney's fees expended to obtain the default judgment. Without proof to the contrary—and in this record there is none—this would seem to satisfy *Craddock*'s third prong of no delay and no prejudice. *See Dolgencorp*, 288 S.W.3d at 929.