**Grady Leon ROBERTS, Appellant,**

v.

**Georgia Lee ROBERTS, Appellee.**

No. 6270.

Court of Appeals of Texas, Waco.

Sept. 10, 1981.

C. Mann Gregg, Texas City, Mac L. Bennett, Jr., Bennett & Bennett, Normangee, for appellant.

Jerry C. Adam, Houston, for appellee.

HALL, Justice.

This is a divorce case. The husband appeals, contesting only the order of property division. We remand that issue for a new trial.

Appellant Grady L. Roberts and appellee Georgia Lee Roberts were married in October, 1973. Appellee filed this suit for divorce on January 22, 1980, upon the ground that the marriage was insupportable. Although served with process, appellant failed to answer. The case was heard by the court without a jury on August 5, 1980; and judgment was rendered and signed on that day granting the divorce, awarding appellee custody of the couple's only child (appellee's 16-year-old daughter of a former marriage, adopted by appellant), and dividing the parties' property.

A default judgment should be set aside and a new trial ordered "in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). In our case, appellant invoked this rule in a timely filed motion for new trial. His alleged excuse for not filing an answer was that before the date for answering, and thereafter, he and appellee continued to cohabit as husband and wife; that she told him "she had dismissed the case and was not going to get a divorce and there was no necessity for him to employ an attorney"; and that he relied upon these statements and did not employ an attorney or answer the suit. After a hearing, the trial court overruled the motion. Appellant assigns error to that ruling. We affirm the court's order.

At the hearing on the motion, appellant had the burden of establishing his excuse by a preponderance of the evidence. *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1973). Although appellant's testimony would have supported a finding in his favor on the issue, it was directly refuted by appellee and her daughter. Under the disputed proof, the trial court was justified in finding against appellant on his excuse; and this determination supports the order overruling the motion. *Reedy Co., Inc. v. Garnsey*, 608 S.W.2d 755, 757 (Tex.Civ.App. —Dallas 1980, writ ref'd n. r. e.)

The divorce judgment made the following division of the parties' property: Appellee

was awarded the "home" (including furniture and fixtures) located in Madison County, containing 21.75 acres; two other tracts of land containing five acres and 12.1838 acres; a real estate business known as "G. Roberts And Associates, Inc."; a certificate of deposit of undesignated amount; a personal bank loan to appellee in the amount of $15,000.00; a 1979 Cadillac automobile, a 1979 Chevrolet automobile, and a 1977 Chevrolet automobile; and all items in her possession, "including all checking and savings accounts in [her] name." Appellant was awarded all pension and employee benefits at his place of employment; all stocks and bonds in his name; a 1979 Ford pickup truck; and all other items, including furniture and appliances, in his possession. Each party was required to assume any indebtedness against the property he or she received.

Appellant asserts the trial court's implied finding that the property division was just and right is not supported by the evidence. We sustain this contention.

The only allegations in appellee's petition regarding the parties' property were these: "Petitioner and Respondent are the owners of certain property, the majority of which is the separate property of Petitioner. Petitioner believes that Petitioner and Respondent can and will enter into an agreement for the division and settlement of their estate. If such agreement is made, same will be submitted to the Court, in writing, subscribed by both parties, and made subject to the approval of the Court. If such agreement is not made, Petitioner then requests the Court to order a division of their estate in a manner that the Court deems just and right, equitably to both parties, and as provided by law."

At the hearing on August 5, 1980, upon which the judgment in question was based, the only evidence regarding the parties' property was this testimony by appellee: "Q. There was some property accumulated that is set out in the Divorce Decree; is that correct? A. Yes, sir. Q. When you married Mr. Roberts you had four or five pieces of property. You had some in Austin County, Freestone County and Harris County? A. And Galveston County. Q. Did you sell that property? A. Yes, sir, I did. Q. And for all practical purposes all of those proceeds went into the property set out in your Divorce Decree? A. Yes, sir. Q. And you ask that to be awarded to you? A. Yes, sir. Q. Your husband has worked where? A. At Monsanto. Q. He has about thirty years there at this time? A. Twenty-nine, yes, sir. Q. And you're waiving any rights to any pension plan that he has? A. Yes. Q. And any stocks and bonds? A. Yes. Q. And any employment benefits? A. Yes, sir." Immediately following this testimony a colloquy was held between the court and the appellee's counsel which shows without doubt that the property division in question was based upon the assumption that, in the words of appellee's counsel, "she can trace where she put all or most of the money [she received from the sale of her separate property] into this property [she received in the judgment]."

It is the court's duty in a divorce decree to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." V.C.T.A., Family Code § 3.63. The court has wide discretion in dividing the property and its decision will be affirmed on appeal unless an abuse of discretion has been shown. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.1981).

A no-answer default judgment may be supported by the facts pleaded in the plaintiff's petition under the general rule that the defendant by failing to answer has "admitted" the factual allegations and the justice of the plaintiff's claim. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979). To support the default judgment, it is not necessary that the petition plead the evidence upon which the plaintiff relies to establish his cause of action. *Edwards Feed Mill v. Johnson*, 158 Tex. 313, 311 S.W.2d 232, 234 (1958). However, the amount and terms of the judgment "must be ascertained by reference to the petition."

*Mullen v. Roberts,* 423 S.W.2d 576, 579 (Tex.1968). Therefore, the petition is not sufficient to support the judgment if it does not factually inform the court what judgment to render "without information aliunde." *C & H Transportation Company v. Wright,* 396 S.W.2d 443, 446 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.)

 In Texas, all property owned by either spouse during or on dissolution of the marriage is presumed to be community property. V.T.C.A., Family Code § 5.02. Where, as in the case before us, separate property of a spouse has undergone mutations and changes it is indispensable in order to maintain its separate character that it be clearly traced and identified. *Cockerham v. Cockerham,* 527 S.W.2d 162, 167 (Tex.1975); *Chapman v. Allen,* 15 Tex. 278, 284 (1855). Plainly, appellee's allegation that a majority of the property owned by the parties was her separate property, and her testimony that all of the proceeds of the sale of her separate property *went into* the parties' properties, do not meet the rule of tracing as to any particular property. There was no evidence by pleading or other proof of the amount appellee's separate property contributed to the total purchase price of any property owned by the parties at the time of divorce. Additionally, there was no evidence of the relative values of the properties awarded to the parties, and no evidence of the circumstances of the parties, upon which the division made might be justified. Since there was no evidence to support the determination that the division made was just and right, we hold the court abused its discretion in the matter.

The evidence supports the judgment of divorce and the award of the custody of the child to appellee. Appellant does not assert otherwise. Those causes are severable from the issue of property division, and we order this severance. Rule 434, Vernon's Tex. Rules Civ.Proc.; *DeCluitt v. DeCluitt,* 613 S.W.2d 777 (Tex.Civ.App.—Waco 1981, writ dism.).

The portion of the judgment dividing the property is reversed, and that issue is remanded for trial. The remainder of the judgment is affirmed.

The costs of this appeal are assessed against appellant.