**Willard Arthur EDWARDS,
Jr., Appellant,**

v.

**Patricia Jo EDWARDS, Appellee.**

No. 2–82–183–CV.

Court of Appeals of Texas,
Fort Worth.

May 18, 1983.

James B. Ammons, Wichita Falls, for appellant.

Ray Martin, Wichita Falls, for appellee.

Before FENDER, C.J., and BURDOCK and SPURLOCK, JJ.

## OPINION

SPURLOCK, Justice.

Willard Arthur Edwards, Jr., appellant, hereinafter called husband, appeals from a judgment of divorce granted by the County Court at Law of Wichita County. The court divided the property of the parties and appointed appellee, Patricia Jo Edwards, hereinafter called wife, as the managing conservator of three of the parties' children and husband as managing conservator of the oldest son. Husband complains that the trial court committed three reversible errors as follows:

1) the court erred in not granting a new trial when the judgment had been obtained through fraud by the wife;

2) the court abused its discretion in modifying terms of the parties' agreement without affording husband an opportunity to be heard; or without requiring the wife to produce an agreement approved by them both; or without requiring that a new waiver of appearance signed by the husband be filed by the wife (after an alleged reconciliation); and,

3) the court abused its discretion by modifying an agreed settlement and varying its terms with regard to conservatorship of one child, without affording husband an opportunity to be heard.

We reverse and remand for new trial.

A review of the facts is necessary to understand the points of error. The case was tried before the County Court at Law by the judge, without a jury. The court had statutory jurisdiction concurrent with the District Court of divorce and cases involving conservatorship of children. The trial court made its findings of fact and conclusions of law upon request of the husband. These together with the testimony of the wife at trial, reveal that the husband and wife went together to an attorney in March of 1982. The wife filed a Petition for Divorce and the husband later executed a waiver of service, and at that time they agreed to a settlement concerning division of their property, conservatorship, and support of their children.

The parties made an attempt at reconciliation and resumed cohabitation. However, the suit for divorce was not dismissed. The

reconciliation did not last and the wife decided to proceed to obtain the divorce. The husband and wife had some discussion concerning when the wife might go to court to have the divorce heard, and the husband believed this was to be the 13th of July. The wife instead left the family home and bed and went with her attorney to court on the 12th day of July 1982 without any notice to the husband.

She presented to the court the waiver signed by the husband the previous April together with the agreement the parties entered into that same day. The court considered both the waiver and the agreement of the parties and listened to her testimony. Upon conclusion of her testimony the court granted the request for divorce. The terms previously agreed upon by the parties concerning the conservatorship of one of the children were modified and the court increased the amount of child support that the husband had agreed to pay the wife to include payments for the additional child.

That afternoon the husband learned that the wife had gone to court and obtained the divorce. He found this out by calling the wife's attorney, who stated to him that it was too late to do anything about the matter as the divorce had been granted. The following day the husband, through his attorney, filed a motion for new trial and the court set a hearing for the same. On the date of the hearing both husband and wife and their attorneys appeared. They agreed at that time there was no need for the hearing because they were going to try to effect a reconciliation, or failing in this that by a date certain they would submit another agreement to the court, to be substituted in lieu of the first agreement, which the court had modified and included in its judgment. The parties entered into a form of written agreement or notation concerning this expectation of theirs to occur in the future. However, no subsequent agreement was ever reached by the parties, nor did they ever furnish to the court any agreement to be filed among the papers in this cause, and on the date of the proposed subsequent hearing, the court overruled the husband's motion for new trial.

■ The husband complains of fraud by his wife in that she proceeded to trial with a waiver signed by him without any notice to him. Ordinarily, no further notice is required after a waiver is obtained in a divorce hearing. See Tex.R.Civ.P. 119. Generally, such waivers recite that the party has received a copy of the petition on file in the case, and has read and understands the same, and provides that the waiver is an appearance by the party in the cause for all purposes. The general purpose of the waiver is to waive the issuance of service of process in the case. Normally, the waiver also recites that the matter may proceed to trial without further notice to the party and generally recites that the party waives the making of a record of testimony in the case itself. In this case there is no recitation that husband waived any further notice. However, we do not find this failure to follow the usual practice to be error in the instant appeal.

■ In this case, the court proceeded to grant what was in effect a default judgment to the wife, by granting to her a divorce after her husband had made his appearance in the case by a waiver, and had failed to make any other appearance in the matter or file any answer in the case itself. This is ordinarily the procedure a court follows and is in accordance with Tex.R. Civ.P. 239. A fact that distinguishes this case from the ordinary one is the fact that after the waiver was obtained from the husband on April 6, 1982, and the settlement agreement was signed by the parties on that date, the parties did in fact reconcile and live together again as husband and wife, beginning sometime around the 24th day of May 1982. The Texas rule concerning default judgments is that they should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or a result of conscious indifference on his part, but was due to mistake or accident. *Roberts v. Roberts,* 621 S.W.2d 835 (Tex.App.—Waco 1981). Here the failure to provide an answer, while intentional,

was not the result of conscious indifference on the part of the husband. Both parties testified that they resumed cohabitation and that they expected that they were effecting a reconciliation. They were mistaken in their belief as to their reconciliation.

■ Texas law is clear that in order for this court to vacate the judgment the husband must show "extrinsic fraud", which is fraud in the means whereby the wife procured the judgment below. The fraud complained of must be perpetrated by the wife, operating to prevent the husband from knowing about his defenses or from having a fair opportunity of presenting them upon trial. *Rylee v. McMorrough*, 616 S.W.2d 649 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). *Rylee* requires a husband who wishes to complain of fraud to show that there was no fault or negligence committed by him, in connection with the other party's fraudulent act. The husband has done so here.

■ The actions of the wife in attempting the reconciliation and resumption of cohabitation and thereafter going to court without notice to husband, and seeking a unilateral modification of their agreement, constituted extrinsic fraud. As this occurred subsequent to the original agreement and the executing of the waiver ultimately relied upon to obtain the divorce, the husband was entitled to notice of any hearing. To require no further notice would be unfair to the party who had previously given a waiver and violative of basic due process notice requirements.

We find it particularly important in this case that the wife offered hearsay testimony upon the trial of the case concerning the best interest of one of the children. This testimony conflicted with the previously obtained agreement for conservatorship entered into by the husband simultaneously with his execution of the waiver. The court accepted the wife's hearsay testimony, and changed the terms of the property settlement agreement which the husband and wife had entered into, and substituted the court's own findings for the agreement of the parties as a final judgment in this case.

The husband should have been afforded an opportunity to come forward and present his concerns about the child and was prevented from having a fair opportunity to do so by virtue of the fact that the wife proceeded to the hearing without notice to him and relied upon a previous waiver, obtained before the reconciliation. We therefore sustain husband's point of error number one, maintaining that the wife's actions in proceeding to judgment was an extrinsic fraud upon him, and that the means by which the judgment was procured was fraudulent and prevented him from a fair opportunity at trial to present his concerns of the child and the matter of child support. *Rylee v. McMorrough, supra.*

■ The wife urges this court to consider the husband's agreement to an extension of time to consider the motion for new trial, due to further considerations of reconciliation, as being an abandonment by him of his claim of fraud. We reject this contention and find that the fact that the parties agreed to resubmit a new agreement to the court reflects that the parties conceded a lack of finality in the original decree, which the wife obtained on July 12, 1982, and evidenced an intent by both parties that that decree not be the final decree of the court. Agreements to enter into good faith negotiations, perhaps sparing a total new trial, are not to be considered as abandoning a point on appeal.

■ Husband urges us to consider the fact that this case should be reversed and tried only on the issue of conservatorship of the children and consideration upon the amount of child support. We hold however, that the lack of notice which denied him the opportunity of presenting evidence on trial of the case, made the entire proceedings a nullity, requiring a retrial of all the issues.

The judgment of the trial court is vacated. As appellant's points of error numbers two and three were considered by the court in consideration of point number one, we find there is no need to consider the other points at length. The cause is remanded for new trial.