Grady Leon ROBERTS, Appellant,

v.

Georgia Lee ROBERTS, Appellee.

No. 10–82–192–CV.

Court of Appeals of Texas, Waco.

Dec. 1, 1983.

C.M. Gregg, Texas City, for appellant.

Jerry C. Adam, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from judgment of the trial court dividing appellant's and appellee's property in a divorce case. This is the second appeal. See *Roberts v. Roberts,* Tex.App. (Waco) NWH, 621 S.W.2d 835 (1981).

Trial was before the court, which after hearing rendered judgment dividing the community property of the parties as follows:

Appellee Georgia Lee Roberts was awarded:

1) The property and improvements at 1619 E. Main, Madisonville, Texas; [Appellee to assume indebtedness thereon]

2) The property and improvements on FM 1452 (4 acres and a brick home) [Appellee to assume indebtedness thereon]

3) $203,670.85 in the registry of the court, being proceeds from the sale of 18 acres on Highway 21 and Short Street, Madisonville, Texas, purchased by appellee from Slaughter; and 13 acres at 1616 E. Main, Madisonville.

4) The 1979 Cadillac, and appellee is to pay appellant $9,427.61 (the amount paid on Cadillac since the divorce).

5) The 1982 Ford Bronco, and assume indebtedness thereon.

6) The real estate company known as Roberts and Associates, and use of such name.

7) Appellee to pay appellant $12,000.00.

Appellant Grady L. Roberts was awarded:

1) All pension and employee benefits at appellant's place of employment, Montsanto.

2) The $12,000.00 abovementioned.

3) The 1/10th mineral interest in Freestone County property.

4) 52 Shares of Montsanto stock.

5) The 1978 pickup.

Appellant appeals on 3 points:

Point 1 asserts the trial court erred in overruling appellant's first motion for continuance.

Appellee filed this case January 22, 1980. The case was first tried August 5, 1980. The case was appealed and the divorce was affirmed, but the property division was reversed and remanded September 10, 1981. The case was again set on May 6, 1982, for trial on May 20, 1982, at request of appellee. Appellee's counsel notified appellant's lead counsel but did not notify appellant's local counsel, who had only one day's notice of the setting.

The granting of a continuance rests within the sound discretion of the trial judge. *Hernandez v. Heldenfels,* Tex., 374 S.W.2d 196 (1963); *Jones v. John's Community Hospital,* Tex.App. (Waco) NWH, 624 S.W.2d 330 (1981).

Under the record we cannot say the trial court abused its discretion.

Point 1 is overruled.

Point 2 asserts the trial court erred in allowing appellee to withdraw $50,000.00 from funds on deposit in the registry of the court.

The sum of $203,670.85 was on deposit in the registry of the court representing money received from the sale of some acreage. After this case was remanded on the property division, appellee on May 1, 1982, moved the trial court to withdraw $50,-000.00 of the above sum to pay bills, taxes and notes. On May 26, 1982, the trial court granted such motion and appellee was allowed to withdraw such amount. The $203,670.85 was awarded appellee in the instant case. No error is shown.

Point 2 is overruled.

Point 3 asserts the trial court erred in dividing the community property of the parties by awarding appellee a substantially greater amount whereby the judgment reflects an unjust settlement of the property settlement of the property rights of the parties.

Section 3.63 Texas Family Code VATS provides: "In a decree of divorce * * the court shall order a division of the estate of the parties in a manner that the court deems just and right * * * ". The trial court has wide discretion in ordering a disposition of property. *Bell v. Bell,* Tex., 513 S.W.2d 20 (1974). And the trial court's discretion will not be disturbed on appeal unless a clear abuse of discretion is shown. *McKnight v. McKnight,* Tex., 543 S.W.2d 863 (1976).

By making a just and right division of the estate of the parties, a court may consider: The relative earning capacity of the parties, business experience and educa-

tion of the parties, size of their separate estates, age, health, and physical condition of the parties, and benefits the innocent spouse would have received. *Cooper v. Cooper,* Tex.Civ.App. (1 Houston) dism'd, 513 S.W.2d 229 (1974); *Erger v. Erger,* Tex.Civ. App. (Ft.W.) NWH, 590 S.W.2d 186 (1979); *Dobbs v. Dobbs,* Tex.Civ.App. (Tyler) NWH, 449 S.W.2d 119 (1969); *Bokhoven v. Bokhoven,* Tex.Civ.App. (Tyler) NWH, 559 S.W.2d 142 (1977); *Waggener v. Waggener,* Tex. Civ.App. (Dallas) NWH, 460 S.W.2d 251 (1970); *Roberts v. Roberts,* Tex.Civ.App. (Tyler) NWH, 535 S.W.2d 373 (1976); *Murff v. Murff,* Tex., 615 S.W.2d 696 (1981); *Hopkins v. Hopkins,* Tex.Civ.App. (Corpus Christi) NWH, 540 S.W.2d 783 (1976).

■ The record reflects appellee is 55 years of age and has health problems; that her daughter has health problems and medical expenses relating to serious injuries suffered in an automobile accident; Appellee has financial difficulties and a lack of steady income; Appellant has a salary of some $40,000.00 per year, plus substantial pension benefits; that appellant was at fault in rendering the marriage insupportable; that appellee started and operated the real estate business.

We are unable to find abuse of the trial court's discretion.

Point 3 is overruled.

AFFIRMED.