IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00273-CV

 

IN THE MATTER OF

THE MARRIAGE OF

 

Donald
Brown

AND

Darlene
Brown

 

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court No. 02-002248CVD,
CCL #2

 



O p i n i o n










 

          Donald R. Brown appeals the division
of property made by the trial court.  Because the trial court abused its
discretion in making the division, we reverse and remand.

Jurisdiction

          Darlene initially argues that this
Court lacks jurisdiction over this case because Donald’s notice of appeal was
untimely.  We disagree.  The divorce decree was signed on August 28, 2003.  On
September 24, 2003, Donald sent a request to the trial court asking that the
“proceeding be re-opened and the parties both be questioned as to the
agreements reached, and by whom.”  This request, though not in lawyer’s
language, is a motion for new trial.  Because the notice of the August 28, 2003
judgment was mailed, Tex. R. Civ. P.
306a(3), three days are added to the time period in which to timely file a
motion for new trial, Tex. R. Civ. P.
21a, thus making the deadline for filing a motion for new trial September 30,
2003.  The motion for new trial was received by the court on September 29,
2003.  Because the motion was timely, it extends the time for Donald to file
his notice of appeal to November 29, 2003.  Donald’s notice of appeal was
file-stamped on November 13, 2003.  His notice of appeal is, therefore, timely. 
This Court has jurisdiction to consider his appeal.

Division of Property

          Donald
presents two issues on appeal.  They are as follows:

POINTS PRESENTED FOR REVIEW

[POINT NUMBER ONE]

 

          When a dissolution of marriage is
sought solely on the grounds of insupportability, evidence of fault becomes
irrelevant as anylytical [sic] and may not be considered by the trial court in
its just and right division of the community estate.

 

POINT NUMBER TWO

 

          The trial court’s division of the
community estate awarding the wife 100% was arbitrary and unreasonable.

 

          Donald’s first point squarely presents
the issue expressly left open by the Texas Supreme Court in Young v. Young,
609 S.W.2d 758, 761 (Tex. 1980).  The issue in Young was:

… whether the trial court may, in a fault-based
divorce, consider the fault in breaking up the marriage as a factor in making a
property division favoring one spouse.

 

Id.  The Court went on to state it “is not
necessary for us to express an opinion concerning the same issue in a
‘no-fault’ divorce, and we express none.”  Id.  It is necessary for us
to express an opinion on the very issue the Texas Supreme Court left open.

          This Court has flirted with the issue
in the past, but never squarely addressed it.  When listing the factors a trial
court may consider in making a just and right division of the community estate,
we have included “benefits the innocent spouse would have received.”  Roberts
v. Roberts, 663 S.W.2d 75, 77 (Tex. App.—Waco 1983, no pet.).  By the use
of the phrase “innocent spouse,” the Court was necessarily referencing some
allocation of fault in the break-up of the marriage.

          Later, without any real analysis or
discussion, a majority of this Court expressly listed “fault in the breakup of
the marriage” as a factor the trial court could consider in making a just and
right division of the community estate.  Smith v. Smith, 143 S.W.3d 206,
213 (Tex. App.—Waco 2004, no pet.).  “The factors most commonly used to support
a disproportionate community property division are fault and disparity in
income, earning capacity, business opportunities, and education.”  Id.

          The only Texas court, that we have
found, which has expressly addressed the issue is Beaumont.  Phillips v.
Phillips, 75 S.W.3d 564 (Tex. App.—Beaumont 2002, no pet.).  Phillips
is a plurality decision.  In the lead opinion, Chief Justice Walker opined that
because the legislature has authorized no fault divorce, fault could no longer
be considered in dividing the community estate.  Chief Justice Walker stated:

… By reasonable and logical extension, the above
finding permits us to hold that when dissolution of marriage is sought solely
on the ground of insupportability, evidence of “fault” becomes irrelevant
as an analytical construct and may not be considered by the trial court in its
“just and right” division of the community estate.

 

Id. at 572.  The lead opinion determined, however,
that although the appellant had established error, the appellant had not
established that the “trial court clearly abused its discretion in awarding Nancy a disproportionate share of the community estate.  The trial court’s division of the
community estate was neither arbitrary nor unreasonable.”  Id. at 575.

          In a concurring opinion, Justice
Gaultney disagreed “with the assertion that a trial court has no discretion –
under any circumstances, not just those at issue here – to consider conduct
causing the divorce in making a just and right division of property when a
divorce is granted under section 6.001 of the Family Code.”

          His analysis is as follows:

Appellee pleaded fault as a basis for unequal
division of the community property.  Trial courts have wide discretion to
consider a variety of factors in determining what is just and right in dividing
community property.  See Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998); see Barbara Anne Kazen, Division of Property at the Time of Divorce,
49 Baylor L. Rev. 417, 424-28 (1997).  For
example, in affirming a 72.9% award of community property to a wife one court
noted “[a] key factor was [the
husband’s] abusive and violent nature, which ultimately contributed to the
divorce.”  Faram v. Gervitz-Faram, 895 S.W.2d 839, 844 (Tex. App.—Fort Worth 1995, no writ).  Similarly, in a divorce granted on grounds of
insupportability, another court upheld the trial court’s consideration of the
fact that one spouse “was at fault in rendering the marriage insupporatable.”  Roberts
v. Roberts, 663 S.W.2d 75, 77 (Tex. App.—Waco 1983, no writ); see prior
case, Roberts v. Roberts, 621 S.W.2d 835, 836 (Tex. App.—Waco, 1981, no
writ) (divorce granted on the ground the marriage was insupportable).  See
also Vautrain v. Vautrain, 646 S.W.2d 309, 312 (Tex. App.—Fort Worth 1983,
writ dism’d) (trial court may consider evidence of fault even if divorce
granted on no fault grounds); Clay v. Clay, 550 S.W.2d 730, 734 (Tex.
Civ. App.—Houston [1st Dist.] 1977, no writ) (cruelty considered in dividing
property, even when the trial court granted divorce on insupportability).

 

What is “just and right” in dividing the
property should not depend on the ground on which the divorce is granted; the
just and right division of property is separate from the dissolution issue.  If
one spouse’s conduct causes the destruction of the financial benefits of a
particular marriage, benefits on which the other spouse relied, a trial court
should have discretion to consider that factor in dividing the community estate
– regardless of the basis for granting the divorce.

Id. at 575-574.

 

          In a dissenting opinion, Justice
Burgess agreed with Chief Justice Walker that the trial court could not
consider fault in the community property division in a divorce granted on a no
fault basis.  He also concluded, contrary to the lead opinion, that the trial
court’s error in considering fault in the property division resulted in harm to
the appellant.  Id. at 576.

          We agree with Justice Gaultney, that
“a trial court should have discretion to consider proven fault” in the break-up
of the marriage when making a just and right division of the community estate. 
 Id. at 575.  See also Smith v. Smith, 143 S.W.3d 206, 213 (Tex. App.—Waco 2004, no pet.).  We overrule Donald’s first issue.

Second Issue

          Donald’s argument under his second
issue is somewhat less focused than his first.  He phrases the issue as
follows:  “The trial court’s division of the community estate awarding the wife
100% was arbitrary and unreasonable.”  His overall summary of argument,
however, frames the argument regarding his contention that the trial court’s
disproportionate division of the marital estate awarding 100% of the estate to
Darlene was made without “reference to any guiding rules or principles” and
without “due regard for the rights of each party.  Tex. Family C. §7.001.”  Thus, he argues, the trial court’s
disproportionate division was an abuse of discretion.

          As part of his argument, and Donald is
representing himself on appeal, Donald “contends he was entitled to such a
valuation [of the community estate] and further entitled to a share of the
community assets given that he had spent all of thirty-five years loving,
supporting, and contributing equally to their community.”  Donald believes a
50/50 division would be a just and right division.  The trial court disagreed.

The Procedure

          In an extraordinarily unusual
procedure, the trial court conducted a hearing, knowing that Donald had not
received notice and was not present.  The trial court heard testimony subject
to the possibility that Donald might appear for a subsequent hearing once
Donald had been properly notified.  But the trial court took no action to have
Donald brought to court.  The trial court had denied Donald’s request for a bench
warrant.  And the trial court did not use any other procedures to allow Donald
to present evidence or to otherwise participate in the hearing while yet
incarcerated.  See In re Taylor, 28 S.W.3d 240, 249 (Tex. App.—Waco
2000, orig. proceeding).  Donald raises no complaint about the procedure, and
so, we do not address the propriety of it.  See In re Z.L.T., 124
S.W.3d 163, 166 (Tex. 2003)(disapproving Taylor and other Courts of
Appeals opinions to the extent that those opinions suggest the trial court has
a duty to go beyond the bench warrant request and independently inquire into
the necessity of an inmate’s appearance).  The trial court scheduled a
subsequent hearing and notified Donald thereof.  It is clear from the record
the trial court did not expect Donald to appear or otherwise participate. 
Donald was in prison.  See Brown v. State, 54 S.W.3d 930 (Tex. App.—Corpus Christi 2001, pet. ref’d).

The Hearing (Without
Notice to Donald)

          Darlene testified that Donald was
three years into a 50 year sentence for “molestation of a child.”  

She provided the testimony necessary to prove up
the divorce.  She testified generally that during the marriage certain property
had been accumulated, including a house, a car, home furnishings, and
retirement benefits.  She was willing to assume any and all debts that existed
against the property.

          She also testified about what she
thought Donald might do with his share of the marital estate if he received any
property.  This issue was of significance to his two adult children who
testified that their mother should receive a disproportionate share of the
community estate.

          The adult daughter testified that she
thought it was “a fair and reasonable disposition of the community assets” to
award her mother, Darlene, the home, “the car, and retirement and stuff like
that.”  She further testified this was necessary for “protection of the family
estate.”

          The adult son likewise testified that
he thought it was fair that “whatever is left now be awarded to her,” Darlene. 
He felt “that this is necessary also to preserve the estate from maybe being
conveyed away and/or given to some third person.”

          The trial court then asked Darlene
about how Donald’s representation in his criminal trial was paid for and how
much it cost.  Darlene did not know how much had been paid by Donald.  She only
knew she had paid $1,600 for something.  The court and then counsel proceeded
to question Darlene again about what Donald might do with any portion of the
community estate awarded to him.

The Ruling

          In announcing his prospective
decision, the court stated “that he’s [Donald] used some significant hunk of
money out of the community estate to defend that – although he may be entitled
to it, it was still a guilty plea – and that he seems, from your testimony, to
be only inclined to waste any money he can get out of the community estate now,
because everything that you’ve testified to [about how he intends to spend his
portion] sounds like a complete waste.”

          The property division rendered by the
trial court awarded to Donald all the personal property he was in possession
of.  He is in prison.  There was no testimony he was in possession of any
personal property.

          He was also awarded all cash,
retirement accounts, stocks and bonds, and insurance policies in his name. 
There was no testimony that any such items existed.

The Law

          We do not write on a clean slate. 
This Court has held that the trial court errs in making a division of the
community estate which is not supported by the evidence.  In Roberts, we
stated:

… there was no evidence of the relative values
of the properties awarded to the parties, and no evidence of the circumstances
of the parties, upon which the division made might be justified.  Since there
was no evidence to support the determination that the division made was just
and right, we hold the court abused its discretion in the matter.

 

Roberts v. Roberts, 621 S.W.2d 835, 838 (Tex. App.—Waco 1981, no
pet.).

 

A majority of this Court has also stated that:

 

… [b]ecause the debt owed by a spouse is a
legally relevant factor in dividing the community estate, a trial court may
abuse its discretion if it fails to consider such a factor. …The record does
not disclose the amount of these debts, so the court could not have considered
the amount of these debts in dividing the community estate…  Although the court
need not divide the community estate equally, a disproportionate division must
be supported by some reasonable basis. … Having reviewed the record, we find no
reasonable basis for the disproportionate division of the community assets and
the liabilities of the parties.

 

Smith v. Smith, 143 S.W.3d 206, 214 (Tex. App.—Waco 2004, no pet.).

 

Application

          Turning back to the evidence presented
in this case, the testimony was very general about the community estate.  The
focus was on three primary reasons justifying a disproportionate division. 
Those three reasons were 1) fault in causing the divorce; 2) use of community
estate assets to pay for Donald’s criminal defense; and 3) Donald’s lack of
need versus the general financial situation in which Donald’s criminal conduct
had left Darlene.

In essence, with only a sketchy listing of
community assets, no discussion of the net value thereof, and affirmatively
considering how Donald intended to spend his portion of the community property
estate, the trial court awarded all identified net assets to Darlene and
nothing to Donald.  The problem revealed by this record is that the trial court
was not provided adequate information about what was being divided; the value
of assets, outstanding debts, and other relevant considerations like Donald’s
total defense cost.  Further, the trial court improperly considered the uses
for which Donald was apparently going to spend his community share as opposed
to how his intended uses may have reflected on his financial needs and
circumstances.  In essence, if he intends to “waste” it, he must not have a
current financial need for it.

“Although the trial court need not divide the
community property equally, a disproportionate division must be supported by
some reasonable basis.”  Smith v. Smith, 143 S.W.3d 206, 214 (Tex. App.—Waco 2004, no pet.).  We find the trial court abused its discretion in the
property division.  Donald’s second issue is sustained.

Conclusion

          We do not conclude that a just and
right division could not result in this division, but rather, based upon this
record, the trial court abused its discretion in awarding the entire net
community estate to Darlene and nothing, or only de minimus assets, to Donald. 
The trial court’s division of the community property estate is reversed and
this case is remanded to the trial court for further proceedings consistent
with this opinion.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Reversed
and remanded

Delivered
and filed January 25, 2006

CV06