# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00438-CV

**Alicia Zicker, Appellant**

**v.**

**Adrian Raiford Stewart, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. FM305322, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Alicia Zicker brings a restricted appeal challenging the district court's entry of a modified divorce decree, entered as a default judgment. Zicker asserts in two issues that the original decree should not have been modified because (1) family code section 9.007 prohibited such a modification and (2) Zicker was not provided proper notice of the modification. *See* Tex. Fam. Code Ann. § 9.007 (West 1998). Appellee Adrian Raiford Stewart counters that the trial court was permitted to modify the decree pursuant to Texas Rule of Civil Procedure 329b and that, because Zicker had signed a waiver of citation, Zicker was not entitled to notice of the modification. *See* Tex. R. Civ. P. 329b. Because Zicker waived only service of process and did not waive all further notice in this case, we will reverse and remand to the district court.

## BACKGROUND

Stewart filed an original petition for divorce on August 18, 2003. Regarding the division of community property, Stewart's petition stated that he anticipated entering an agreement with Zicker to divide the property but, "in the event an agreement is not reached, Petitioner requests the Court to order a division of the community estate in a manner that the Court deems is just and right." Stewart also requested that "the Court confirm [his non-community assets] as Petitioner's separate property."

On September 25, Zicker signed a sworn waiver of citation stating that, after having reviewed the original petition, she "enter[ed] [her] appearance in this case for all purposes, and [she] waive[d] the issuance of citation and service of process." This waiver was filed with the district court on October 15.

Following a hearing, the district court issued the original decree of divorce on January 23, 2004. The decree noted Zicker's waiver of citation and ordered that Zicker and Stewart were divorced.[1] Regarding the division of the marital estate, the original decree stated that

> the Court finds no community property other than personal effects has been accumulated by the parties. IT IS THEREBY ORDERED AND DECREED that the personal effects of the parties are awarded to the party having possession.
>
> In addition, the parties have agreed that ADRIAN RAIFORD STEWART will pay prior student loans and any tuition, medical expenses and other such related expenses of ALICIA ANN ZICKER's until the completion of her degree at the University of Texas at Austin.

---

[1] Zicker concedes that her waiver was valid for purposes of this original proceeding and does not challenge the resulting original decree, which was entered in default based on her waiver and failure to appear. *See* Tex. R. Civ. P. 239.

2

One week later, on January 29, Stewart filed a two-sentence motion to modify, stating merely that "said Decree inadvertently omitted assets belonging to both parties" and praying "for general relief." Stewart acknowledges that Zicker was not served with a copy of the motion to modify.

The motion to modify and the modified decree were presented to the district court and entered on the same day. The modified decree, like the original one, was entered against Zicker in default, stating that Zicker failed to appear and that her waiver of citation had been duly filed. The modified portion of the decree concerned the division of property. The modified decree specifically listed six items of Stewart's separate property and six items of Zicker's separate property. Further, it stated that each party shall be responsible for all debts incurred solely in their own names and for all debts owing against or secured by property otherwise awarded to them in the decree. Pursuant to the modified decree, therefore, the obligation to pay Zicker's "prior student loans and any tuition, medical expenses and other such related expenses" was switched from Stewart to Zicker.

A copy of the modified decree was mailed to Zicker, but she did not file an appeal or motion for new trial within the specified time limits. *See* Tex. R. App. P. 26.1(a). However, Zicker timely filed her notice of restricted appeal challenging this modified decree on June 24, 2004. *Id*. at 26.1(c).

## ANALYSIS

### *Restricted Appeal*

To prevail on a restricted appeal, the appellant must establish that (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment

3

complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* Tex. R. App. P. 25.1(d)(7), 26.1(c), 30. Here, Stewart concedes that Zicker has satisfied the first three elements and that only the fourth element is at issue.

The "face of the record" in a restricted appeal consists of only the papers on file with the district court when it rendered judgment. *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). In reviewing the appeal, therefore, we may not consider any evidence that was not before the district court at the time it made its decision. *Id*. Zicker claims that two errors are apparent from the face of the record: the district court's modification of the decree in violation of family code section 9.007 and the failure to provide her notice of the modification. We consider each in turn.

### *Permissibility of Modification*

In her first issue, Zicker urges that the district court was prohibited by section 9.007 of the family code from modifying the division of property in the divorce decree. Section 9.007 provides in relevant part that

(a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment . . . .

(b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable.

Tex. Fam. Code Ann. § 9.007.

4

However, section 9.007 must be read in conjunction with Texas Rules of Civil Procedure 306a and 329b. Pursuant to these rules, a district court retains plenary power to modify its judgment at any time until the judgment becomes final, which occurs thirty days after the judgment is signed, unless that time period is extended by the filing of certain motions listed in rule 329b and in Texas Rule of Appellate Procedure 26.1. *See* Tex. R. Civ. P. 306a, 329b; Tex. R. App. P. 26.1; *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1983); *Johnson v. Ventling*, 132 S.W.3d 173, 178 (Tex. App.—Corpus Christi 2004, no pet.). Within this time period, the district court's ability to modify the judgment has been described as "practically unlimited" or "virtually absolute." *Rogers v. Clinton*, 794 S.W.2d 9, 12 (Tex. 1990) (Cook, J., dissenting); *Cook v. Cook*, 888 S.W.2d 130, 131 (Tex. App.—Corpus Christi 1994, no writ). It is only at the expiration of this period of plenary power that section 9.007's prohibition against modifying a final divorce decree takes effect and prevents the district court from altering the division of property. *Johnson*, 132 S.W.3d at 178.

Thus, although section 9.007 clearly prevents the modification of a decree once it has become final, it does not prohibit a district court from exercising its plenary power to modify the decree within thirty days of signing the judgment. *See* Tex. Fam. Code Ann. § 9.007; Tex. R. Civ. P. 329b. Because the modified judgment in this case was issued within a week of the original decree, during which the district court maintained its plenary powers, the modification did not violate section 9.007. Zicker's first issue is overruled.[2]

---

[2] In urging that the modification was improper, Zicker alleges that Stewart had fraudulent motives in "inducing" her to sign the waiver and in "misleading" the district court about his "veiled true purpose" for the modification. However, in searching for "error on the face of the record" in

*Lack of Notice of Hearing*

In her second issue, Zicker urges that the modification was improper because she was not provided notice of the pending modification and was, therefore, "deprive[d] of the opportunity to challenge the substantial changes made." As noted, the motion to modify and the modified decree were presented and entered on the same day, leaving Zicker no opportunity to be notified of the pending modification or to challenge it. Stewart acknowledges that Zicker had no notice of the motion to modify and was afforded no opportunity to present a response to it. He contends, however, that he was entitled to modify the decree without notifying Zicker because she had previously signed a waiver of citation and failed to appear in relation to Stewart's original petition.

Texas Rule of Civil Procedure 21 entitles parties to be notified of every motion that is filed with the trial court. *See* Tex. R. Civ. P. 21 ("[e]very . . . motion . . . shall be filed with the clerk . . . and at the same time . . . served on all other parties"). Further, Rule 245 provides that, as a matter of due process, a party who has entered an appearance in a contested case is entitled to forty-five days' notice of a trial setting in that case. *Id.* at 245; *see also LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 391 (Tex. 1989); *In re Brilliant*, 86 S.W.3d 680, 693 (Tex. App.—El Paso 2002, no pet.). Signing a waiver of citation constitutes an "appearance," and a hearing on a motion to modify constitutes a "trial setting" of which an appearing party is entitled to notice. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985); *Welborne-Hosler v. Hosler*, 870 S.W.2d 323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Kisinger v. Kisinger*, 748 S.W.2d

---

this restricted appeal, our review is limited to the evidence before the district court and we cannot consider any alleged, undocumented motives of Stewart. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

2, 4 (Tex. App.—Houston [14th Dist.] 1987, no writ). Thus, having entered her appearance through a waiver of citation, Zicker was entitled to be notified of the proposed modification and to be afforded an opportunity to respond.

The waiver of citation that Zicker signed in relation to the filing of Stewart's original petition was not effective to remove her entitlement to be notified of the pending modification. The purpose of formal citation is to inform a defendant that she has been sued, advise her of her legal rights, and direct her to file a timely answer. Tex. R. Civ. P. 99. Thus, a waiver of citation merely relieves the plaintiff of his burden to comply with the procedures set forth in Rules 103 to 118, such as employing a process server and ensuring that a proper return of service is filed. *Id*. at 103-118; *see Edwards v. Edwards*, 651 S.W.2d 940, 942 (Tex. App.—Fort Worth 1983, no writ). Without more, a waiver of citation does not relieve a plaintiff of his duty to notify the defendant of subsequently filed motions, nor does it permit a trial court to hold a hearing on the plaintiff's motion without notice to the defendant. *See* Tex. R. Civ. P. 21, 245; *Edwards*, 651 S.W.2d at 943 ("To require no further notice would be unfair to the party who had previously given a waiver and violative of basic due process notice requirements."). Although the parties here could have agreed to a broader waiver, such as a waiver of future notice or the making of a record, Zicker's waiver was limited to a "waive[r] [of] the issuance of citation and service of process."

Therefore, the only effect of Zicker's waiver was to constitute an appearance on her behalf without requiring Stewart to comply with the formal procedures for service of process. The waiver of citation did not divest Zicker of her rights to be notified of the pending modification and to have an opportunity to respond. Given that the record shows the motion to modify and the

7

modified decree to have been simultaneously entered and that Stewart concedes Zicker was not notified, this error—entering a modified decree in violation of Zicker's due process rights—is apparent from the face of the record. *See Alexander*, 134 S.W.3d at 850 (to prevail in restricted appeal, appellant must show error on face of record). Zicker's second issue is sustained.[3]

## CONCLUSION

Although the trial court was entitled to modify the divorce decree within thirty days of its issuance pursuant to Rule 329b, it was not entitled to do so without Zicker having any notice that a motion to modify was before the court. Due to the lack of notice, we reverse the modified decree and remand the case to afford Zicker proper notice and an opportunity to be heard on the motion to modify.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed:   January 27, 2006

---

[3] Stewart alternatively responds that, if Zicker was entitled to notice of the modification, then she was also entitled to notice of the original decree, such that it too should be reversed. Zicker, however, was notified of the original filing and she does not contest the entry of the original decree. The time for challenging the original decree has elapsed. *See* Tex. R. App. P. 26.1(a).