TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00438-CV







Alicia Zicker, Appellant



v.



Adrian Raiford Stewart, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. FM305322, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 Appellant Alicia Zicker brings a restricted appeal challenging the district court's entry
of a modified divorce decree, entered as a default judgment. Zicker asserts in two issues that the
original decree should not have been modified because (1) family code section 9.007 prohibited such
a modification and (2) Zicker was not provided proper notice of the modification. See Tex. Fam.
Code Ann. § 9.007 (West 1998). Appellee Adrian Raiford Stewart counters that the trial court was
permitted to modify the decree pursuant to Texas Rule of Civil Procedure 329b and that, because
Zicker had signed a waiver of citation, Zicker was not entitled to notice of the modification. See
Tex. R. Civ. P. 329b. Because Zicker waived only service of process and did not waive all further
notice in this case, we will reverse and remand to the district court.

BACKGROUND


 Stewart filed an original petition for divorce on August 18, 2003. Regarding the
division of community property, Stewart's petition stated that he anticipated entering an agreement
with Zicker to divide the property but, "in the event an agreement is not reached, Petitioner requests
the Court to order a division of the community estate in a manner that the Court deems is just and
right." Stewart also requested that "the Court confirm [his non-community assets] as Petitioner's
separate property."

 On September 25, Zicker signed a sworn waiver of citation stating that, after having
reviewed the original petition, she "enter[ed] [her] appearance in this case for all purposes, and [she]
waive[d] the issuance of citation and service of process." This waiver was filed with the district
court on October 15.

 Following a hearing, the district court issued the original decree of divorce on January
23, 2004. The decree noted Zicker's waiver of citation and ordered that Zicker and Stewart were
divorced. (1) Regarding the division of the marital estate, the original decree stated that 


the Court finds no community property other than personal effects has been
accumulated by the parties. IT IS THEREBY ORDERED AND DECREED that the
personal effects of the parties are awarded to the party having possession.


In addition, the parties have agreed that ADRIAN RAIFORD STEWART will pay
prior student loans and any tuition, medical expenses and other such related expenses
of ALICIA ANN ZICKER's until the completion of her degree at the University of
Texas at Austin.


One week later, on January 29, Stewart filed a two-sentence motion to modify, stating merely that
"said Decree inadvertently omitted assets belonging to both parties" and praying "for general relief." 
Stewart acknowledges that Zicker was not served with a copy of the motion to modify.

 The motion to modify and the modified decree were presented to the district court and
entered on the same day. The modified decree, like the original one, was entered against Zicker in
default, stating that Zicker failed to appear and that her waiver of citation had been duly filed. The
modified portion of the decree concerned the division of property. The modified decree specifically
listed six items of Stewart's separate property and six items of Zicker's separate property. Further,
it stated that each party shall be responsible for all debts incurred solely in their own names and for
all debts owing against or secured by property otherwise awarded to them in the decree. Pursuant
to the modified decree, therefore, the obligation to pay Zicker's "prior student loans and any tuition,
medical expenses and other such related expenses" was switched from Stewart to Zicker.

 A copy of the modified decree was mailed to Zicker, but she did not file an appeal
or motion for new trial within the specified time limits. See Tex. R. App. P. 26.1(a). However,
Zicker timely filed her notice of restricted appeal challenging this modified decree on June 24, 2004. 
Id. at 26.1(c).

ANALYSIS


Restricted Appeal


 To prevail on a restricted appeal, the appellant must establish that (1) she filed notice
of the restricted appeal within six months after the judgment was signed; (2) she was a party to the
underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment
complained of and did not timely file any postjudgment motions or requests for findings of fact and
conclusions of law; and (4) error is apparent on the face of the record. Alexander v. Lynda's
Boutique, 134 S.W.3d 845, 848 (Tex. 2004); see also Tex. R. App. P. 25.1(d)(7), 26.1(c), 30. Here,
Stewart concedes that Zicker has satisfied the first three elements and that only the fourth element
is at issue.

 The "face of the record" in a restricted appeal consists of only the papers on file with
the district court when it rendered judgment. Campsey v. Campsey, 111 S.W.3d 767, 771 (Tex.
App.--Fort Worth 2003, no pet.). In reviewing the appeal, therefore, we may not consider any
evidence that was not before the district court at the time it made its decision. Id. Zicker claims that
two errors are apparent from the face of the record: the district court's modification of the decree
in violation of family code section 9.007 and the failure to provide her notice of the modification. 
We consider each in turn.


Permissibility of Modification


 In her first issue, Zicker urges that the district court was prohibited by section 9.007
of the family code from modifying the division of property in the divorce decree. Section 9.007
provides in relevant part that


(a) A court may not amend, modify, alter, or change the division of property made
or approved in the decree of divorce or annulment . . . .


(b) An order under this section that amends, modifies, alters, or changes the actual,
substantive division of property made or approved in a final decree of divorce
or annulment is beyond the power of the divorce court and is unenforceable.



Tex. Fam. Code Ann. § 9.007.

 However, section 9.007 must be read in conjunction with Texas Rules of Civil
Procedure 306a and 329b. Pursuant to these rules, a district court retains plenary power to modify
its judgment at any time until the judgment becomes final, which occurs thirty days after the
judgment is signed, unless that time period is extended by the filing of certain motions listed in rule
329b and in Texas Rule of Appellate Procedure 26.1. See Tex. R. Civ. P. 306a, 329b; Tex. R. App.
P. 26.1; Fruehauf Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1983); Johnson v. Ventling, 132
S.W.3d 173, 178 (Tex. App.--Corpus Christi 2004, no pet.). Within this time period, the district
court's ability to modify the judgment has been described as "practically unlimited" or "virtually
absolute." Rogers v. Clinton, 794 S.W.2d 9, 12 (Tex. 1990) (Cook, J., dissenting); Cook v. Cook,
888 S.W.2d 130, 131 (Tex. App.--Corpus Christi 1994, no writ). It is only at the expiration of this
period of plenary power that section 9.007's prohibition against modifying a final divorce decree
takes effect and prevents the district court from altering the division of property. Johnson, 132
S.W.3d at 178.

 Thus, although section 9.007 clearly prevents the modification of a decree once it has
become final, it does not prohibit a district court from exercising its plenary power to modify the
decree within thirty days of signing the judgment. See Tex. Fam. Code Ann. § 9.007; Tex. R. Civ.
P. 329b. Because the modified judgment in this case was issued within a week of the original
decree, during which the district court maintained its plenary powers, the modification did not violate
section 9.007. Zicker's first issue is overruled. (2)

Lack of Notice of Hearing


 In her second issue, Zicker urges that the modification was improper because she was
not provided notice of the pending modification and was, therefore, "deprive[d] of the opportunity
to challenge the substantial changes made." As noted, the motion to modify and the modified decree
were presented and entered on the same day, leaving Zicker no opportunity to be notified of the
pending modification or to challenge it. Stewart acknowledges that Zicker had no notice of the
motion to modify and was afforded no opportunity to present a response to it. He contends,
however, that he was entitled to modify the decree without notifying Zicker because she had
previously signed a waiver of citation and failed to appear in relation to Stewart's original petition. 

 Texas Rule of Civil Procedure 21 entitles parties to be notified of every motion that
is filed with the trial court. See Tex. R. Civ. P. 21 ("[e]very . . . motion . . . shall be filed with the
clerk . . . and at the same time . . . served on all other parties"). Further, Rule 245 provides that, as
a matter of due process, a party who has entered an appearance in a contested case is entitled to forty-five days' notice of a trial setting in that case. Id. at 245; see also LBL Oil Co. v. International
Power Servs., Inc., 777 S.W.2d 390, 391 (Tex. 1989); In re Brilliant, 86 S.W.3d 680, 693 (Tex.
App.--El Paso 2002, no pet.). Signing a waiver of citation constitutes an "appearance," and a
hearing on a motion to modify constitutes a "trial setting" of which an appearing party is entitled to
notice. See Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985); Welborne-Hosler v. Hosler, 870
S.W.2d 323, 328 (Tex. App.--Houston [14th Dist.] 1994, no writ); Kisinger v. Kisinger, 748 S.W.2d
2, 4 (Tex. App.--Houston [14th Dist.] 1987, no writ). Thus, having entered her appearance through
a waiver of citation, Zicker was entitled to be notified of the proposed modification and to be
afforded an opportunity to respond.

 The waiver of citation that Zicker signed in relation to the filing of Stewart's original
petition was not effective to remove her entitlement to be notified of the pending modification. The
purpose of formal citation is to inform a defendant that she has been sued, advise her of her legal
rights, and direct her to file a timely answer. Tex. R. Civ. P. 99. Thus, a waiver of citation merely
relieves the plaintiff of his burden to comply with the procedures set forth in Rules 103 to 118, such
as employing a process server and ensuring that a proper return of service is filed. Id. at 103-118;
see Edwards v. Edwards, 651 S.W.2d 940, 942 (Tex. App.--Fort Worth 1983, no writ). Without
more, a waiver of citation does not relieve a plaintiff of his duty to notify the defendant of
subsequently filed motions, nor does it permit a trial court to hold a hearing on the plaintiff's motion
without notice to the defendant. See Tex. R. Civ. P. 21, 245; Edwards, 651 S.W.2d at 943 ("To
require no further notice would be unfair to the party who had previously given a waiver and
violative of basic due process notice requirements."). Although the parties here could have agreed
to a broader waiver, such as a waiver of future notice or the making of a record, Zicker's waiver was
limited to a "waive[r] [of] the issuance of citation and service of process."

 Therefore, the only effect of Zicker's waiver was to constitute an appearance on her
behalf without requiring Stewart to comply with the formal procedures for service of process. The
waiver of citation did not divest Zicker of her rights to be notified of the pending modification and
to have an opportunity to respond. Given that the record shows the motion to modify and the
modified decree to have been simultaneously entered and that Stewart concedes Zicker was not
notified, this error--entering a modified decree in violation of Zicker's due process rights--is
apparent from the face of the record. See Alexander, 134 S.W.3d at 850 (to prevail in restricted
appeal, appellant must show error on face of record). Zicker's second issue is sustained. (3)


CONCLUSION


 Although the trial court was entitled to modify the divorce decree within thirty days
of its issuance pursuant to Rule 329b, it was not entitled to do so without Zicker having any notice
that a motion to modify was before the court. Due to the lack of notice, we reverse the modified
decree and remand the case to afford Zicker proper notice and an opportunity to be heard on the
motion to modify.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed: January 27, 2006
1. Zicker concedes that her waiver was valid for purposes of this original proceeding and does
not challenge the resulting original decree, which was entered in default based on her waiver and
failure to appear. See Tex. R. Civ. P. 239.
2. In urging that the modification was improper, Zicker alleges that Stewart had fraudulent
motives in "inducing" her to sign the waiver and in "misleading" the district court about his "veiled
true purpose" for the modification. However, in searching for "error on the face of the record" in
this restricted appeal, our review is limited to the evidence before the district court and we cannot
consider any alleged, undocumented motives of Stewart. See Alexander v. Lynda's Boutique, 134
S.W.3d 845, 848 (Tex. 2004).
3. Stewart alternatively responds that, if Zicker was entitled to notice of the modification, then
she was also entitled to notice of the original decree, such that it too should be reversed. Zicker,
however, was notified of the original filing and she does not contest the entry of the original decree. 
The time for challenging the original decree has elapsed. See Tex. R. App. P. 26.1(a).